## ALSTON v. WILSON ET AL.

1. **Contract**: FAILURE TO PERFORM: JUDICIAL SALE. Where the purchaser at sheriff's sale, after receiving his deed, executed an agreement with the judgment debtor to the effect that, if within a certain time the latter would pay a sum specified, he should receive a deed of the property, *held*, that a failure to make the payment deprived the debtor of all advantages from the agreement, and that the title of the purchaser was absolute.

2 **Pleading**: FAILURE TO DENY. A failure to deny an allegation in a pleading does not admit it, unless the matter of the allegation be well pleaded.

*Appeal from Jefferson Circuit Court.*

THURSDAY, OCTOBER 5.

THIS is an action for the possession of out lot No. 2, in the town of Libertyville, the plaintiff claiming to own the same. The defendants deny that plaintiff owns the lot; allege that Clarissa J. Wilson owned it, and that any claim that plaintiff may have is but a lien thereon, a mortgage for money advanced.

The court found that plaintiff is the owner and entitled to the immediate possession of the lot, subject to defendants' rights as occupying claimants. Defendants appeal.

*Stubbs & Leggett*, for appellants.

*Slagle & Acheson*, for appellee.

DAY, J.—I. A question is made whether this case is triable here *de novo*, or is reviewable simply upon the errors which appellants have assigned. We deem it unnecessary to determine this question. In whatever way the case is considered here, the result must be the same.

Both parties claim the property under William Kuch. On the 27th day of November, 1863, it was sold to the plaintiff at sheriff's sale, under two executions against William Kuch, the admitted owner at that time. On the second day of December, 1863, a sheriff's

1. CONTRACT: failure to perform: judicial sale.

deed was executed to plaintiff, pursuant to his purchase, which was duly recorded on the same day. On the 10th day of December, 1863, the plaintiff executed an agreement, as follows: "Know all men that, whereas I, William Alston, became the purchaser at sheriff's sale of the following real estate, lying in Jefferson county, Iowa, which was sold on the 27th day of November, 1863, as the property of William Kuch, to-wit: Lot No 2, in block No. 2, to Kuch's second addition to the town of Libertyville, and out lot No 2, in said town; also  *   *   *   *   *  Now, I hereby agree and bind myself to said William Kuch that, if within one year from 2d day of December, 1863, he shall pay me the sum of two hundred and fifty dollars, with ten per cent interest thereon from said 2d day of December, 1863, and shall also pay all taxes that may be upon said lands, and shall pay all expenses incident to the conveyance of said premises, I will execute to said Kuch, or his assigns, my quit claim deed to said described lands; but if said Kuch shall fail to pay said sum of two hundred and fifty dollars, with interest, within the time specified, and shall fail to pay taxes and expenses as above recited, I am to be under no obligation by virtue hereof." This instrument was duly acknowledged, but it was not recorded until January 30, 1875, which was after the commencement of this action.

On the 11th day of May, 1868, William Kuch conveyed the property in controversy to the defendant, Clarissa J. Wilson, and under that deed she claims she owns, and is entitled to the possession of the property.

The defendants claim that the agreement above set out, and the sheriff's deed, give plaintiff a mere lien, or mortgage upon the property in controversy, and that he is not entitled to possession. We are satisfied that this position of appellant is erroneous. The sheriff's deed vested in plaintiff an absolute estate in the property, on the 2d day of December, 1863. Eight days thereafter the agreement in question was executed. It is simply an agreement upon the part of appellant to quit claim to Kuch, if he should pay a given sum within one year. No relation of debtor or creditor existed

between Alston and Kuch. At no time, either during the year, or since, could Alston compel Kuch, to pay the sums mentioned and accept the quit claim. The instrument merely conferred upon Kuch the privilege of performing certain conditions within a prescribed time and accepting certain advantages. He did not perform the conditions, as the evidence shows, and he has waived the advantages. The transaction does not, it seems to us, contain any element of a mortgage.

II. The answer alleges "that any pretended claim that plaintiff may have to said lot is but a lien on the same; in fact but a mortgage for money advanced."

The reply says that this part of the answer is no defense, "because the writing as referred to was executed on the 10th day of December, 1863, being after the making of the sheriff's deed to plaintiff, and that, by the terms of said contract, it is expressly provided that 'if Kuch shall fail to pay said sum, with interest within the time specified, and shall fail to pay the taxes and expense incident, I am under no obligation by virtue hereof;' that time was the essence of said writing, and that Kuch totally failed to comply with said writing."

2. PLEADING: failure to deny.

It is claimed by appellants that this reply admits the allegation of the answer that the transaction constituted a mortgage, and pleads matter in avoidance.

This position cannot be admitted. Facts which are well pleaded only are admitted by a failure to deny them. The answer sets out the agreement in full, which it is claimed, constituted a mortgage, and we are satisfied, from an examination of it, that it is not a mortgage. The allegation in the answer that it is a mortgage, is a mere allegation respecting its effect. The answer does not, in this respect, plead a fact, but a legal conclusion. The failure to deny it does not admit it.

AFFIRMED.