SCOTT v. MEWHIRTER ET AL.

1. **Mortgage : DEED IN FORM: ATTORNEY'S FEES.** The grantees in a deed, who were the attorneys of grantor, executed an instrument providing that if he paid for certain legal services rendered, and to be rendered, then the land was to be reconveyed to him : *Held,* that the transaction constituted the deed a mortgage.

2. ———— **: IT IS PERSONALTY : JUDGMENT LIEN.** A mortgage is personal property, and a judgment against the mortgagee does not create a lien upon the mortgaged property.

3. ———— **: SALE: ENFORCEMENT OF LIEN.** If the transaction constituted a sale, a judgment debtor did not acquire a lien on the land which could be enforced by execution and sale; but he would be compelled to resort to garnishment proceedings or an action in equity.

*Appeal from Pottawattamie District Court.*

FRIDAY, OCTOBER 25.

ACTION to foreclose, as plaintiff claims, a mortgage or vendor's lien. The District Court found for the plaintiff, and the intervenors appeal. The facts are stated in the opinion.

*Clinton, Hart & Brewer,* for appellants.

*Scott & Hight,* for appellees.

SEEVERS, J.—In July, 1875, the defendant conveyed to Montgomery & Scott certain real estate by a deed absolute on its face. At the same time, and as a part of the same transaction, Montgomery & Scott executed and delivered to the defendant the following instrument in writing:

1. MORTGAGE : deed in form: attorneys' fees.

"Whereas, Frederick Mewhirter has employed us as his attorneys to attend to all matters, both civil and criminal, growing out of a difficulty between himself and one Dr. Hatten, and has deeded to us this day, as payment upon our fees for services rendered and to be rendered by us in his behalf in

said matter, the north half of north-east quarter of section 25, and west half of south-east quarter, and north-west quarter of south-east quarter of section 24, all in township 74, range 38 west, in Pottawattamie county, Iowa:

"Now, if the said Mewhirter shall pay or cause to be paid all our fees in said matters for services rendered and to be rendered, then we will reconvey to said Frederick Mewhirter said real estate, providing, however, that five hundred dollars be paid cash down; the balance of said fees, whatever the same may amount to, within eighteen months from this date, July 20, 1875."

In January, 1876, B. F. Montgomery, of Montgomery & Scott, conveyed by warranty deed his interest in the premises to the plaintiff, the latter being one of the original grantees.

In 1871 the intervenors recovered a judgment against Montgomery in the District Court of the county in which said premises are situate.

The questions for determination are, whether the conveyance executed by the defendant, taken in connection with the writing, constituted a mortgage or sale, and whether the intervenor's judgment was a lien on the interest of Montgomery.

I.   The defendant, at the time of the conveyance, had retained Montgomery & Scott as his attorneys to attend to certain legal business for him.   A portion of the contemplated services was yet to be rendered, and the value thereof was unknown.   There was also a present indebtedness.   The land was conveyed in one sense in payment.   The defendant assumed no personal liability in addition to the land.   Montgomery & Scott were to look alone to it for their compensation.

Inasmuch as the value of the services was uncertain, it was agreed the defendant could pay such amount, whatever it might be, and he would be entitled to a re-conveyance.   If, for instance, for some legal reason the supposed necessity for the services ceased immediately after the execution of such conveyance, the defendant would, no doubt, have been entitled to

a re-conveyance upon the payment of but a comparatively small sum of money.

Without referring to all the circumstances claimed by counsel to have a bearing on the question before us, or referring to the authorities cited, and conceding the question is not free from doubt, we are disposed to hold the conveyance to Montgomery & Scott to be a mortgage; the rule being, when it is doubtful whether the transaction is the one or the other, it will be held to be a mortgage. *Trucks v. Lindsay,* 18 Iowa, 504.

A mortgage, as we understand, is personal property, and the mortgagee or holder of the indebtedness thereby secured, 2 ——: it is has no such interest in the real estate mortgaged personalty: judgment lien: that a judgment against him creates a lien on such real estate.

II. If, however, the transaction was a sale, what are the rights of the parties? The conveyance by the defendant and 3. ——: sale: the agreement to reconvey constitute but a single enforcement of lien. transaction. There could not be any intervening equities that would take precedence of that of the defendant.

In legal effect Montgomery & Scott were vendors and the defendant a vendee. The former had a vendors' lien for the purchase money, (that is, money the defendant had the option to pay) which under our statute must be foreclosed as a mortgage. Code, § 3329. Time was not of the essence of the contract. The rights of the defendant were therefore not barred by his failure to pay at the stipulated time.

If the defendant had paid the money required under the written contract, and obtained a conveyance of the property from Montgomery & Scott, his title would have been perfect against the intervenors. This is true because of what must be regarded as the rule in this State, that the judgment of the intervenors was not a lien on the land which could be enforced by a sale thereof under execution, so as to vest the title absolutely in the purchaser. If such purchaser was one having notice of the defendant's equities he could not by such sale and purchase obtain a superior title or equity to that of the

defendant. *Baldwin v. Thompson*, 15 Iowa, 504; *Rogers v. Hussey*, 36 Id., 664; *Woodward v. Dean*, 46 Id., 499.

Whatever right or lien the intervenors had should have been enforced by proceedings in garnishment, or by an equitable action. If the intervenors had no lien on the land as against the defendant, the conveyance by Montgomery could not have the effect of creating one, for the land in Scott's hands was charged with the same equities as existed previously. What would be the rule if Montgomery had conveyed to one who did not have notice of the defendant's equities is not determined.

AFFIRMED.