## BARTHELL v. SYVERSON ET AL.

1. **Contract:** CONSTRUCTION: MORTGAGE. Upon the last day for redemption of property sold under execution, the holder of the sheriff's certificate and the owner of the right of redemption entered into a written agreement by which the former agreed to loan to the latter a further sum, taking his note therefor, and to extend the time for redemption, the property standing meantime as security for the whole amount of indebtedness, which was to be paid, with interest, at the expiration of one year, in redemption of the property—in default of such payment the agreement to be void as against the owner of the certificate: *Held*, that such contract constituted a mortgage, and entitled the mortgagor to a year from the time of its foreclosure in which to redeem.

2. **Mortgage:** REPAIRS: TAXES. The cost of repairs made upon the mortgaged property by a mortgagee cannot be added to the mortgage debt. Whether taxes paid by the mortgagee upon the property, in the absence of agreement, can be tacked to the mortgage debt, *quære*.

*Appeal from Winneshiek District Court.*

SATURDAY, JUNE 19.

ON the 18th day of August, 1877, the premises in controversy, on which was situate a mill, were sold at sheriff's sale, and a certificate of sale given to the purchaser. On the 17th day of August, 1878, the plaintiff was the owner of such certificate. The defendant Syverson had the right of redemption. On the day last stated the plaintiff loaned Syverson $661.09, for which the latter gave his promissory note, payable in one year, with ten per cent interest, and providing for a reasonable attorney's fee.

The amount required to redeem from the sheriff's sale, on the 18th day of August, 1878, was $838.91. The following written contract was entered into between the parties:

"This agreement, made the 17th day of August, 1878, *Witnesseth*, That, whereas, the undersigned, John G. Barthell, of Rensselaer Co., N. Y., is the holder of a sheriff's certificate of sale on execution against Erick Oleson and K. I. Haugen, of the whole of lot No. 2, of the Subdiv. of the

west half of the S. W. $\frac{1}{4}$, of the N. W. $\frac{1}{4}$, of Sec. 23, in Twp. 99 N., in range 8 W., 5th P. M., and of the mill-race and water-power at or near said premises, the same having been sold by the sheriff of Winneshiek Co., Iowa, Aug. 18th, 1877, on an execution in favor of S. W. Matteson. And, whereas, Christopher Syverson, of Decorah, Iowa, has the right of redemption from such sale. And, whereas, the amount now required to redeem is $762.55-100 dollars, and interest thereon at ten per cent per annum from Aug. 18th, 1877. And, whereas, the said Syverson has this day borrowed from the said Barthell the further sum of $661.09 for one year from this date, interest at ten per cent per annum, semi-annually.

" Now, in consideration thereof, the said Barthell hereby gives to the said Syverson the period of one year from this date in which to redeem the said premises from said sale— the said redemption to be made by the payment of the amount now due on said certificate, and the amount of money this day loaned, in all ($1500), fifteen hundred dollars, and interest thereon, semi-annually, from this date, at ten per cent per annum—the said premises to stand as security for the payment of the whole of said sum, principal and interest, as aforesaid, and the said Syverson, meantime, to have the right of possession of the said premises, and the right to sell and convey the same, subject hereto; and if the said Syverson fails to perform the agreements herein contained, as herein mentioned, then this agreement shall be of no effect as against the said Barthell—the said Syverson to keep the said premises insured meantime, and the policy assigned to said Barthell, and also to pay all taxes on the premises."

Afterward the sheriff conveyed the real estate to the plaintiff. The defendant failed to pay the principal sum when payable according to said contract, or the interest then due. He also failed to pay the taxes or keep the buildings insured. This action was commenced on the 19th day of August, 1879, the object of which was to determine the rights of the par-

ties in and to said real estate. The relief asked by the plaintiff was, first, a judgment against defendant for $1,740.90, with ten per cent interest thereon; and, second, " that defendant be decreed to perform his contract forthwith, or that his interest in said premises be decreed ended, and the title to the same quieted in plaintiff, and defendant's rights forfeited under said agreement,    *    *    *    and that defendant be forever barred from having or claiming any interest in said premises adverse to plaintiff, and for other relief."

The District Court entered a decree requiring "defendant to pay plaintiff within ninety days $1,740.90, with interest at ten per cent from August 17, 1879. And the sum of $39.30, with interest at six per cent, and that in default thereof the title to the premises in question be quieted in plaintiff, and that a writ of possession issue therefor." The defendants appeal.

*Cooley, Fannon & Akers*, for appellants.

*L. Bullis*, for appellee.

Seevers, J.—I. The decree in the District Court is in the nature of a strict foreclosure, and the effect of it was to cut

1. CONTRACT: construction: mortgage.

off the defendant's right to make statutory redemption. The material question is whether he was entitled thereto. If the contract should be construed to be a mortgage, the decree is erroneous, but it is correct if it was a conditional sale of the equitable interest owned by the plaintiff under and by virtue of the certificate of sale. It must be one or the other, and counsel for the plaintiff seems to have been uncertain which, for he asked a money judgment against the defendant—that a specific performance be decreed, and the title be quieted in the plaintiff.

The settled rule, at least in this State, is that in all doubtful cases the contract should be construed to be a mortgage instead of a conditional sale. *Trucks v. Lindsay*, 18 Iowa, 504; *Scott v. Mewherter*, 49 Iowa, 487.

There is another rule which is regarded as equally well settled, and that is, where the relation of debtor and creditor exists, and the contract was intended to create or provide a security for a debt, it will be construed to be a mortgage. *Hughes v. Sheaff*, 19 Iowa, 335; *Green v. Turner*, 38 Iowa, 112; *White v. Lucas*, 46 Iowa, 319. The real difficulty is in the application of these rules. In the case at bar, it seems to us the relation of debtor and creditor did exist, at least as to the money borrowed, and for which the defendant gave his note. For this the defendant made himself personally liable, and the real estate was to be held as security therefor. It is true the contract provides for an extension of the time of redemption; but we think, taking into consideration the obligation assumed as to the borrowed money, and that said redemption was to be made " by the payment of the amount now due on said certificate, and the amount of money this day loaned," that the defendant assumed and agreed personally to pay the whole amount. We think this was the evident intent of the parties and that in legal contemplation the contract is, and should be construed to be, a mortgage.

This case is distinguishable from *Alston v. Wilson et al.*, 44 Iowa, 130, because: *First*, in the latter, the time of redemption had expired when the contract was made; and, *Second*, the defendant did not obligate himself to pay anything. He simply had the option to pay or not, as he saw proper.

II. The defendant pleaded that the plaintiff " broke and entered the premises, and tore down and destroyed defendant's flour mill then standing and tore out and carried away the machinery therefrom," for which damages were asked.

2. MORTGAGE: repairs: taxes.

The fact was the mill was out of repair and the plaintiff took out a single piece of defective machinery and replaced it with a new one, at an expense of $28. For a short time, the mill in consequence of this action was idle. For such delay the damages are claimed. Without referring to the

evidence we deem it sufficient to say that nothing can, under the circumstances, be allowed therefor; nor can the plaintiff tack the amount paid for said machinery to his mortgage and have the same made a charge on the real estate. Jones on Mortgages, sections 360 and 569. But he can have the amount paid for insurance and taxes included in the amount otherwise due, because in substance the contract, or mortgage, provides defendant should pay the same, and the plaintiff having done so in order to protect both himself and the defendant from loss, the amount paid should constitute a charge on the mortgaged premises. Jones on Mortgages, sections 414 and 415.

We deem it proper to say that the language in *Savage v. Scott*, 45 Iowa, 130, in relation to the right of a mortgagee to pay taxes and have the same tacked to the mortgage, should be strictly confined to the facts in that case.

REVERSED.