## STROUP v. HAYCOCK ET AL.

1. **Contract:** FOR SALE OF REAL ESTATE: CONSTRUCTION OF.  A written contract construed and held to constitute a sale of real estate subject to forfeiture, and not a mortgage, the relation of debtor and creditor not being created thereby between the parties.

*Appeal from Keokuk Circuit Court.*

THURSDAY, OCTOBER 21.

ACTION AT LAW to recover the possession of certain real estate.  The plaintiff claimed title under a foreclosure of a mortgage executed by the defendants, a sale of the premises and conveyance by the sheriff.

The defendants pleaded the following equitable defense:

" That plaintiff obtained a judgment in the District Court of said Keokuk county, December 3, 1878, for $774.93 debt,

and $67.90 costs, against B. A. Haycock, and a decree fore-closing a mortgage on the property described in petition, against both defendants. January 20, 1879, said property was sold on special execution issued on said judgment and decree to plaintiff for the sum of $872.06. January 9, 1880, it was agreed between plaintiff and defendant B. A. Haycock, by parol, that said Haycock should pay the sum of two hundred dollars of said indebtedness then, and plaintiff should extend the time for the payment of the balance of said debt —to-wit, $759.26—for twelve months from the 20th day of January, 1880, and that in order to secure the payment of the balance of said last mentioned sum the defendants should not exercise their right of redemption of said property, which lien had then eleven days to run, but permit the sheriff to execute a deed for said property direct to plaintiff, and plaint-iff should execute to defendant B. A. Haycock a bond for a deed for said property on the payment of said amount; and in pursuance of said agreement said Haycock paid the said sum of two hundred dollars down, and agreed to pay the $759.26, with ten per cent interest, on the 20th day of January, 1881, and plaintiff executed and delivered to him a bond for a deed for said property, a copy of which is hereto attached, marked Exhibit "A," and made a part hereof, and the sheriff did, on the 21st day of January, 1881, execute a deed to plaintiff for said property, in pursuance of said agreement, and this is the deed referred to in plaintiff's peti-tion, and the one under which he claims title. Defendants have been the owners of said property, and in possession thereof, since a time prior to the execution of the mortgage to plaintiff, foreclosed December 3, 1878, and are still in pos-session of the same."

To such defense there was a demurrer, which was sus-tained, and the defendants appeal.

*Sampson & Brown*, for appellants.

*Mackey & Mackey*, for appellee.

SEEVERS, J. Exhibit "A", referred to in and made a part of the answer, is as follows:

"Know all men by these presents, that I, John Stroup, of Keokuk county, Iowa, am held and bound to B. A. Haycock, of the same place, in the penal sum of one thousand dollars, on the following conditions:

"Whereas, the said John Stroup has this day sold to the said B. A. Haycock the following described real estate in the county of Keokuk and State of Iowa, viz.: Commencing four rods west of the northwest corner of block No. four in the town of Richland, thence to run west twenty-one and one-fourth rods, thence south seventeen rods, thence east twenty-one and one-fourth rods, thence north to the place of beginning, for the sum of seven hundred and fifty-nine and 26-100 dollars, with ten per cent interest until paid. Now if the said B. A. Haycock, his heirs or assigns, shall pay to the said John Stroup the sum of seven hundred and fifty-nine and 26-100 dollars, with ten per cent interest from the 20th day of January, 1880, and relinquish his right of redemption of sale on execution of the aforesaid described premises at any time within twelve months from the date above, then and in that case, I, the said John Stroup, agree to make to the said B. A. Haycock a deed in fee simple to the above described premises, or forfeit the above sum. And it is further provided in this bond that time is the essence of contract, and in case the said Haycock fails to pay said amount he agrees to surrender me full possession of the premises, or pay all reasonable expenses in obtaining possession."

The question presented by the demurrer and argued by counsel is whether the transaction between the parties was a conditional sale or should be construed to be a mortgage. The Circuit Court held it was a sale; if it is such the demurrer was correctly sustained. *Hughes v. Sheaff*, 19 Iowa, 335. This, we understand, is practically conceded by counsel for the appellants, but they strenuously insist the court

erred in holding the transaction amounted to a conditional sale; the argument being that the answer states the said Haycock " agreed to pay the $759.26 with ten per cent interest on the 20th day of January, 1881," and this allegation it is insisted was admitted by the demurrer, and therefore the re-lation of debtor and creditor existed between the parties, and as the conveyance was made as security for the payment of an indebtedness or performance of a contract it should be construed to be a mortgage. In support of this proposition Green v. Turner, 38 Iowa, 112; Clinton National Bank v. Manwarring, 39 Id., 281, and White v. Lucas, 46 Id., 319, are cited.

The well established rule is that a demurrer only admits that which is well pleaded. The contract was reduced to writing and is contained in the bond for a deed. Turning to it we fail to find any agreement on the part of the defendants or either of them to pay any sum whatever. The most that can be said is that Haycock had the option to pay if he saw proper. He assumed no obligation to do so. The time within which the option was to be exercised was made mate-rial, and if a failure in this respect occurred Haycock agreed to surrender possession of the premises. The plaintiff could not have obtained a personal judgment against Haycock. As there was no such contract as that stated in the answer shown by the bond, the demurrer did not admit that which never existed. By the sale under execution the origi-nal debt was extinguished, and as no new obligation to pay was assumed the transaction must be regarded as a sale. Alston v. Wilson et al., 44 Iowa, 130; Iowa Railroad Land Co. v. Mickel, 41 Iowa, 402; Mickelwait v. Leland, 54 Id., 662.

AFFIRMED.