## HUSTON v. KLINE.

1. **Contract:** BOND FOR RECONVEYANCE OF REAL ESTATE ON CONDITIONS: CONSTRUCTION OF. Defendant conveyed to plaintiff certain lands in payment of a debt, and plaintiff entered into a bond to reconvey the land, provided defendant would repay him a certain sum with interest, defendant meantime to have possession of the land: *Held* that defendant did not become plaintiff's debtor for principal or interest, and that, after forfeiture of the possession of the land and of the right to have it reconveyed to him, he was not liable in an action for the interest which had accrued while he was in possession. *Alston v. Wilson*, 44 Iowa, 130, and *Stroup v. Haycock*, 55 Id., 732, followed.

*Appeal from Des Moines Circuit Court.*

THURSDAY, SEPTEMBER 18.

THIS action is brought by plaintiff to recover an installment of interest which he alleges accrued in his favor on the first of March, 1880, on a certain title bond given by him to defendant, conditioned for the conveyance to defendant of cer-

tain real estate.    Judgment was rendered for plaintiff in the circuit court, and defendant appeals.

*P. Henry Smythe & Son*, for appellant.

*Hall & Huston*, for appellee.

Reed, J.—The contract between the parties is in writing, and is as follows:

" Know ye that I, Nathan Huston, am held and firmly bound unto Jacob Kline and C. B. Kline, in the penal sum of three thousand eight hundred and two dollars and eighty cents, for the payment of which I bind myself and legal representatives firmly by these presents.

"Now the conditon of the above obligation is such that whereas said Huston has agreed this day to sell and reconvey certain described real estate this day conveyed by Jacob Kline and wife and C. B. Kline and wife to the said parties, as will more fully appear by their several warranty deeds made this day, it is further agreed that if said Jacob and C. B. Kline shall pay or cause to be paid to said Huston said sum of $3,802.80 by the first day of March, 1881, together with ten per cent interest thereon—interest to be paid annually on the first of March—the said Kline agrees to pay the taxes for the current year; the parties now in possession, are to keep possession, unless default shall be made for the space of ten days in the payment of interest.    It is understood that default in the payment of interest for the space of ten days after due shall work a forfeiture of the above obligation, but if payment is made it is to remain in force, otherwise void."

Signed, June 7, 1878.

The evidence shows that the Klines had been indebted to plaintiff in the sum named in the contract, and that they conveyed to him the real estate referred to in the contract in payment of such indebtedness.    They remained in possession of the premises until about the first of March, 1880, and

paid the installment of interest which the contract provides should be paid March 1, 1879. In February, 1880, they advised plaintiff that they were not able to pay for the land, and about the first of March they yielded possession to him. This action is brought for the recovery of the interest on said sum from March 1, 1879, to March 1, 1880.

We think the case is not distinguishable from *Alston v. Wilson*, 44 Iowa, 130, and *Stroup v. Haycock*, 56 Iowa, 732. Defendant was not indebted to plaintiff. He did not bind himself to pay for the premises. The contract created no obligation or undertaking on his part. He simply had the option under it to pay the stipulated price and interest, and take the land, but he was under no obligation to pay either sum. When he neglected to pay the interest, the privilege of taking the land, which he had under the agreement, terminated, but the conditions of the instrument created no demand in plaintiff's favor after such termination. We are of the opinion, therefore, that the circuit court erred in rendering judgment against defendant for the amount of such interest, and the judgment is accordingly

REVERSED.