MATTIE B. BAIRD, Appellee, v. JOHN E. REININGHAUS, Appellant.

87    167
o114  676

**Deed**: WHEN TO BE TREATED AS MORTGAGE: EVIDENCE. In an action to have a deed absolute on its face decreed to be a mortgage, and for leave to redeem therefrom, the evidence, among other things, showed

that the plaintiff and her husband understood that the money received for the deed was a loan, and that the deed was a mere security; that the defendant referred to it in his answer as money "borrowed" by the plaintiff, and in his testimony as money "loaned" by him to the plaintiff and her husband; and a witness who was instrumental in bringing about the transaction spoke of it as a "loan." *Held*, that the deed was properly decreed to be a mortgage, under the rule applicable to such cases.

*Appeal from Van Buren District Court.*—Hon. Dell Stuart, Judge.

Monday, January 23, 1893.

Action in equity to decree a deed absolute on its face to be a mortgage, and to redeem therefrom. From a judgment and decree for the plaintiff, the defendant appeals.—*Affirmed.*

*Wherry & Walker*, for appellant.

*Sloan & Brown*, for appellee.

Kinne, J.—April 9, 1887, the plaintiff was the owner of a small tract of land in Van Buren county, Iowa. On that day she claims she borrowed two hundred and forty dollars of the defendant, to draw interest at ten per cent. per annum, and said principal sum and interest to be paid to the defendant April 9, 1888; that to secure such payment she executed to the defendant a deed of conveyance of the premises; that the deed, while absolute in form, was in fact given to secure said sum so borrowed, and in fact a mortgage. She also avers that she, on April 2, 1888, tendered the amount due on said loan to the defendant, and demanded a reconveyance of said real estate, which was refused. She also pleads readiness to pay the amount due the defendant; that the defendant threatens to oust the plaintiff from the possession of said premises; and prays that an injunction issue, and for an accounting, that she be permitted to redeem, and that the defendant be required

to reconvey said real estate to her. The defendant denied generally, and pleaded that the loan was made in consideration that the plaintiff's husband would, by April 9, 1888, repay to the defendant two hundred and forty dollars, with interest at ten per cent., also taxes, insurance, and other liens against the property, including a judgment of one Jones against the plaintiff's husband; and claims that the contract was that, if the plaintiff and her husband failed to pay said sums; then the property was to be the defendant's; also avers the plaintiff's failure to pay as agreed. The plaintiff, replying, denies all allegations in the answer and amendments inconsistent with her claim.

There is no room for controversy as to the law applicable to this case. The rule is undisputed that to show that a deed is in fact not an absolute conveyance, but was intended as a mortgage to secure a debt, the evidence must be clear, satisfactory, and convincing. *Corbit v. Smith*, 7 Iowa, 60; *Hyatt v. Cochran*, 37 Iowa, 309; *Kibby v. Harsh*, 61 Iowa, 196; *Knight v. McCord*, 63 Iowa, 429; *Langer v. Meservey*, 80 Iowa, 158. If it appears that the debt was extinguished, and the grantor is invested with the right to repurchase by a given time, and on the payment of a certain sum, whether it be the amount of the original debt with interest or some other sum, then the transaction would be a conditional sale. *Trucks v. Lindsey*, 18 Iowa, 504; *Hughes v. Sheaff*, 19 Iowa, 343. The burden is on the plaintiff to establish the fact that the character of the instrument is other than that which it appears to be on its face. If, from all the evidence, a doubt arises as to whether the transaction was a mortgage or conditional sale, such doubt must be resolved in favor of holding the instrument a mortgage. *Trucks v. Lindsey*, 18 Iowa, 504; *Scott v. Mewhirter*, 49 Iowa, 487, 489; *Barthell v. Syverson*, 54 Iowa, 160, 162.

The property in controversy had been sold at sher-

iff's sale to one Tiffey, and the money procured by
the plaintiff from the defendant was to repurchase
the property, which, prior to said sale, had been owned
by the plaintiff.   We can not review the testimony in
detail, but may refer to a few matters that appear in it,
which tend to show the character of the transaction
between these parties.   The defendant, in his original
answer, several times speaks of the two hundred and
forty dollars as having been "borrowed" by the plain-
tiff.   He also, in his testimony, indicates that he
considered the matter as a loan.   He says, "I loaned
the plaintiff and her husband some money about April
9, 1887."   Again, "At the time I loaned this money,"
etc.   Then he speaks of some money the plaintiff's
husband owed him before "I loaned them the two
hundred and forty dollars."   Again, it appears from
the defendant's testimony that at the time the plaintiff
claims she made him a tender he was willing to receive
a sum less than he claimed was due him as a part pay-
ment. The witness Welborn, for the defendant, speaks
of the transaction as a "loan" made by the defendant,
and he seems to have first brought the fact that the
plaintiff wanted this money to the defendant's atten-
tion.   The testimony of the plaintiff and her husband
clearly shows that the money was loaned to the plaintiff.
While the calling the transaction a "loan" would not
make it such, yet the fact that the defendant so speaks
of it is proper to be taken into consideration in deter-
mining the character of the arrangement between him
and the plaintiff.

The defendant claims that the agreement was
that he was to be repaid his two hundred and forty dol-
lars and interest, insurance and all liens on the property,
including a judgment against the plaintiff's husband
and in favor of one Jones.   Now, it is doubtful if this
Jones judgment was a lien upon this land, and the
defendant's evidence that it was to be paid does not

appear to be sustained by any other person who heard the agreement stated.

We are well satisfied, from a careful consideration of all the evidence, that the money was given the plaintiff as a loan, that the relation of debtor and creditor was then created between the plaintiff and the defendant, and that the deed was intended to provide a security for the debt. Such being the case, the deed must be treated as a mortgage, and the plaintiff is entitled to make redemption.

We think the amount found necessary to redeem by the district court was correct, and its judgment will be AFFIRMED.