A. J. McKeever, Appellant, v. J. A. Beacom.

| 101 | 173 |
|-----|-----|
| 104 | 461 |
| 101 | 173 |
| 106 | 549 |
| 101 | 173 |
| 114 | 588 |
| 101 | 173 |
| 137 | 551 |
| 101 | 173 |
| 140 | 480 |

**Mulct Law:** ENFORCEMENT OF LEASE. The lease of a building for a saloon, to one who has complied with the mulct law (Acts Twenty-fifth General Assembly, chapter 62), and which provides that, as a part of the rent, the lessee shall pay the tax levied on the property under the law, is not invalid as founded on an illegal consideration; and if lessor is compelled to pay said tax, he may recover it of lessee.

LADD, J., took no part.

*Appeal from O'Brien District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, FEBRUARY 4, 1897.

PLAINTIFF, in his petition, averred his ownership of certain property in the city of Sheldon, Iowa; that the requisite number of signers to a statement of consent to the sale of intoxicating liquors within the county under the provisions of the "Mulct Law" had been obtained and filed with the county auditor, as provided by law; that all the prerequisites of the law had been complied with, permitting the sale, without penalty, of intoxicating liquors within said county, and in the city of Sheldon; that the city council had given its consent to the sale of intoxicating liquors within the limits thereof, and that the consent of all

the property owners and holders within fifty feet of the property of plaintiffs, to the sale of intoxicating liquors in and upon said property, had been obtained; that defendant had filed the required bond. Plaintiff avers that after all this had been done he leased his property to the defendants, by an oral lease, for the purpose of its being used by the defendant for the selling of intoxicating liquors therein in accordance with said mulct law, and, as a compensation for the rental of said premises, defendant agreed to pay, in addition to and as a part of the rental price of said premises, the tax which might be assessed against said property under the provisions of chapter 62 of the Laws of the Twenty-fifth General Assembly of Iowa; thereafter the tax was duly assessed and levied against said property, and became a lien thereon, and defendant failing to pay the same, a penalty was added thereto; that the treasurer of said county being about to sell said property for said tax and penalty, and the defendant refusing to pay the same and to protect his property from such sale, plaintiff paid the same, and this action is brought to recover the amount so paid. To this petition the defendant demurred. There are several grounds stated in the demurrer. The grounds which seem to be relied upon are: *First*, that the payment made by plaintiff was voluntary, and hence there can be no recovery; and, *second*, that the contract was illegal and against public policy. The demurrer was sustained, and a judgment entered against the plaintiff for costs, from which ruling and judgment he appeals.—*Reversed*.

*Allen & Cullen* for appellant.

*Boies & Roth* for appellee

KINNE, C. J.—I. As the appellee does not insist upon his contention that the payment of this tax by the appellant was voluntarily made, and therefore cannot be recovered back, we shall give it no extended consideration. There can be no question that if the contract was legal, and the lessee failed to pay the tax, which was a part of the rental of the premises, the lessor could pay the same, and recover it, the same as any other rent of the lessee. Taylor, Landl. & Ten., section 398; Wood, Landl. & Ten. (2d Ed.) p. 963; *Lillie v. Case*, 54 Iowa, 177 (6 N. W. Rep. 254); 25 Am. & Eng. Enc. Law, p. 280, and notes. See, also, *Barthell v. Syverson*, 54 Iowa, 160 (6 N. W. Rep. 178).

II. The real contention is that the contract upon which appellant's action is based, is illegal and against public policy, and therefore not enforceable. To this contention appellant answers: *First*, that he is not in *pari delicto* with the party who sells the liquor; and *second*, that the selling of liquor under the mulct law, and in accordance therewith, is not prohibited, not a crime, and is done with legislative assent. We shall consider these propositions together. In *State v. Forkner*, 94 Iowa, 733 (62 N. W. Rep. 778), this act of the Twenty-fifth General Assembly was held constitutional by a majority of the court. I dissented from that holding, and am still of the opinion that the act is void, being a delegation of the power of the legislature to enact laws to the people. Appellee bases his claim that this contract is invalid upon the provisions of section 16, of the act. It reads as follows: "Nothing in this act contained, shall be in any way construed to mean that the business of the sale of intoxicating liquors is in any way legalized, nor is the same to be construed in any manner or form as a license, nor shall the assessment or payment or any tax for the sale of liquors as aforesaid, protect the

wrong-doer from any penalty now provided by law, except that on conditions hereinafter provided, certain penalties may be suspended." In argument, appellees say: "The Twenty-fifth General Assembly simply changed the time of the payment of the penalty, and made the would-be saloon-keeper 'an accessory before the fact,' but did not disturb the admonition to the people of Iowa, that if you deal with them as a seller of intoxicating liquors, and aid them in any way in their illegal traffic, you are in *delicto*, and have voluntarily placed yourself beyond the power and will of the courts to assist you in the enforcement of any promises they may have made." It may be admitted that, prior to the enactment of the chapter under consideration, it was unlawful, in this state, for one not a registered pharmacist, or having a permit, to sell intoxicating liquors as a beverage. The argument is, that it is against the public policy of the state to permit the sale of intoxicating liquors, as well as against the law. In our view, neither claim is well founded. The chapter under consideration authorizes the sale of intoxicating liquors, and legalizes it, by one who who has complied with its provisions, as fully as though it had said so in express terms. When such a one has in all respects complied with the provisions of this chapter, and so long as he continues so to comply, and until the consent is withdrawn, he is, by the express language of the act, free from all penalties otherwise provided by law. It is true, that in one section it is provided, that under such circumstances, the "penalties may be suspended." In another section, under the same conditions, it is provided that the payment of the tax and performance of the conditions shall "be a bar to proceedings under the statute prohibiting such business." Similar language is used in another section. It is also a fact, that section 16, of the act, undertakes to provide that this

chapter shall not be construed to mean that the business of selling intoxicating liquors is legalized, nor as license, but such provisions are absolutely inconsistent with the other provisions which we have mentioned. The business of selling intoxicating liquors under this so-called "Mulct Law" is either legal or illegal. It cannot be both legal and illegal at the same time. If in fact, as we have no doubt, taking the act as a whole, the legislature intended to authorize the sale of such liquors under the circumstances and conditions provided in this act, and if one who in all respects complies with it, does sell such liquors, we apprehend no one will claim that such a seller, so long as he complies with the act, and the consent is not withdrawn, can be prosecuted for an unlawful sale of intoxicating liquors. If, then, such a seller is engaged in lawful occupation; if he, in the conduct of his business, violates no law; if no penalties of other existing laws can attach to him or to the property,—it is impossible to conceive why a contract made with him to pay the tax, as a part of the consideration for the use of a building in a lawful business, may not be enforced. The whole chapter must be construed together, to arrive at the meaning and intent of the law. The manifest purpose and intent of the act was to so far legalize the sale of intoxicating liquors as to remove the penalties for such sale as to those complying with all of its provisions. Provisions of other laws applicable to sellers of intoxicating liquors are "suspended" or "barred," as against such sellers complying with this law. As to such persons, these other penalties and proceedings are, in effect, forever suspended or barred. The chapter, as a whole, when all of its provisions are considered, practically means that the sale of intoxicating liquors may be carried on under it free from all penalties and proceedings provided in the prohibitory law generally. If this plaintiff cannot

recover the tax which he was compelled to pay, and which was a part of the rent agreed upon for the building, then, on the same theory, he could not recover the rent itself, by action, in case the lessee refused to pay.   We then have this condition of affairs:   A lessee carries on a business which the law permits.   He is liable to no penalties or proceedings so long as he complies with the mulct law, but his landlord may not collect his rent for a building used for this same business, permitted by the law to be carried on.   Such a construction of the chapter is unwarranted.   There is nothing in this opinion in conflict with other cases.   See *State v. Ashert*, 95 Iowa, 210 (63 N. W. Rep. 557); *State v. Van Vliet*, 92 Iowa, 476 (61 N. W. Rep. 241); *State v. Forkner*, 94 Iowa, 733 (62 N. W. Rep. 772).   The demurrer should have been overruled.—REVERSED.

LADD, J., took no part.