JENNIE L. PHILLIPS v. F. H. GIFFORD, *et al.,* Appellants.

CONTRACTS: PUBLIC POLICY: *Consideration.* Two persons were engaged in selling intoxicating liquors under acts Twenty-fifth

General Assembly, chapter 62, known as the "mulct law." A note
for the price of the interest of one of them contained the clause
"if payor is obliged to abandon his present business on account of
change in the liquor law by the next legislature of the state, then
this note to be void; otherwise to be full of force." *Held*, that the
words "present business" meant the business he then had, and
that, said business being a legal business, the note was not invalid,
as being a "gambling, wagering contract," and that it was sup-
ported by a valid consideration.

*Appeal from Marshall District Court.*—HON. O. CAS-
WELL, Judge.

MONDAY, JANUARY 24, 1898.

ACTION on a promissory note. Judgment for plain-
tiff, and the defendant appeals.—*Affirmed.*

*Anthony C. Daly, Theo. F. Bradford,* and *W. E.
Bradford* for appellants.

*J. L. Carney* for appellee.

GRANGER, J.—The action is upon a note in words
as follows: "$500.00. Marshalltown, Iowa, July 8,
1895. June 1, 1896, after date, we promise to pay F. S.
Rockafellow, or order, five hundred dollars, with seven
per cent. (payable annually) interest per annum from
date (overdue interest and principal draws seven per
cent. per annum), and reasonable attorney's fees for col-
lection if action is commenced hereon. Payable at
Marshalltown, Iowa. This note is conditional. If payor
is obliged to abandon his present business on account of
a change of the liquor law by the next legislature of the
state, then this note to be void; otherwise in full force.
F. H. Gifford. I. B. Capron." The note was indorsed to
plaintiff. After much contention over the pleadings,
each party moved for judgment in his favor; each
party presenting as a ground therefor, that there were
no disputed questions of fact, so that we may properly

state the facts as we find them from the pleadings. It appears that the defendant Gifford and the payee in the note, Rockafellow, were, prior to the execution of the note engaged in the saloon business in Marshalltown, Iowa, under the provisions of chapter 62, Acts Twenty-fifth General Assembly, known as the "Mulct Law;" that the consideration for the note was Rockafellow's undivided interest in the saloon, and the stock of liquor on hand, including whisky, beer, wine, and other intox-icating liquors kept for the purposes of sale by the drink. If it should be thought that a finding of fact that Gifford and Rockafellow were operating the saloon in Marshalltown *under the provisions of the mulct law* is not supported by the record, we may say that such is our conclusion from the admission of para-graph 4 of the reply. The averment in that paragraph that the firm was engaged in the sale of liquor under that law must be considered in connection with the averments in the preceding paragraph, to know what was meant. The admission of the facts stated in the paragraph carries with it the right to consider other facts essential to know its meaning, and from the reply it clearly appears that the intent of the pleading was to state the conclusion we have expressed. The legal sit-uation may be summarized as follows: Where two per-sons are engaged in the sale of intoxicating liquors under the provisions of the mulct law, is a note for the interest of one of them supported by a valid considera-tion, and enforcible?

II. The legal contention arises largely over the words of the note, that: "This note is conditional. If the payor is obliged to abandon his present business on account of a change of the liquor law by the next legislature of the state, then this note is to be void; otherwise in full force." It is thought that it does not appear that the consideration of the note was the par-ticular saloon in which Gifford and Rockafellow were

engaged, but we have no doubt of that being the proper understanding from the pleadings. It is true, it is not said in so many words, but it is the natural and the legal inference. We think, also, that the "present business" spoken of in the condition of the note, meant the business he had, and was taken from Rockafellow for the note. Because of a claim that it does not appear that the note was given for a saloon business, nor that it was to be void if the payor had to abandon the identical saloon for which the note was given, it is urged that the giving of the note was a "gambling, wagering contract." Our theory as to the facts puts at rest such a contention; for, if the business was being carried on under the mulct law, it was a legal business, under our holding in *McKeever v. Beacom*, 101 Iowa, 173. If a legal business, we know of no reason why it may not be sold, if in so doing the provisions of the law against sales are not violated. It is apparent that the condition in the note was intended to render the note void if the consideration of the note should fail because of a change in the law in a particular time. Such a transaction has none of the elements of a wagering or gambling contract. It is no more such a contract than would be an agreement that a note given for a horse should be void if the horse should die within a month. There is, of course, a contingency, a chance, involved in the transaction, but it is no more than an undertaking by the seller that the horse will live for a certain time. In both cases the consideration that supports the note is property actually delivered. It is in no sense a speculation on the chances for or against the happening of an event, or on a contingency.

III. It is said "that the condition of the note is against public policy and void; that it contemplates a violation of the liquor laws of the state." If it does contemplate that result, it is void; but we do not so understand the facts, as we have said. We understand

the transaction to refer to a business done under the provisions of the mulct law, which, as we held in *McKeever v. Beacom, supra,* is a legal business. It is said that the presumptions of the law are that it was illegal. Concede the rule, and we look to the pleadings for the facts, and find it admitted that the business was done under the mulct law, and the presumption is thus overcome. With the facts as we understand them, and the case of *McKeever v. Beacom,* there is no room for any of the legal contentions made in the case. It is simply a sale of a legal business, with a stipulation that the consideration need not be paid, if from certain causes, the business shall become illegal within a certain time, and the consideration thus be lost. No good reasons have been suggested why such a contract should not be sustained.

A motion to reverse the judgment, made by appellant, presents only questions otherwise presented, and need not be considered. The judgment of the district court is AFFIRMED.