## THOMPSON v. HURLEY, Adm'r.

1. **Scire facias:** DEFENSE. Matter which might have been pleaded to an original action cannot be made available as a defense to a suit or process of revivor upon a judgment obtained in such action.

—— But where the judgment plaintiff has failed to perform that which was the consideration of the judgment, such failure may be set up as a defense.

### THURSDAY, JANUARY 4.

THIS is a *scire facias*, to revive a judgment against the administrator, and heir of a judgment defendant. The plaintiff alleges, that on the 20th day of March, 1860, one Sarah Fleming recovered judgment, in the District Court of Louisa county, against Thomas Fleming for $1,060.20, to bear ten per cent interest; and that the judgment was assigned to plaintiff, May 11th, 1863. Since the rendition of the judgment, Thomas Fleming died, and the defendant, Hurley, was appointed administrator, and the defend-

ant, Mary Fleming, was heir. That there is still due on the judgment $300, with interest from January 16th, 1864. Revivor and execution are asked.

The defendant Hurley, answered: 1st, Admitting the rendition of judgment, death of defendant therein, &c.; as stated. 2d. Alleging that four days prior to the rendition of the judgment set out by plaintiff, an action was pending by Sarah v. Thomas Fleming for permanent alimony (a divorce having theretofore been granted), which action was on that day, settled by the defendant agreeing to pay $1,750 in full, for alimony, and $80 towards attorney's fees; the sum of $350 to be paid down, and the balance to be paid by the first of April following, in notes secured by real estate mortgage. And the said Sarah was to reconvey to Thomas, all the lands theretofore sold, under a decree for temporary alimony. A copy of the agreement is filed with the answer. It is then averred, that the agreement was, on the date of the judgment sued on, changed, and thereunder Thomas Fleming paid Sarah all but $1,060.20, and instead of giving notes and mortgage for that balance, Thomas confessed judgment therefor, which was accepted in lieu of the notes and mortgage.

The defendant then alleges that Sarah Fleming had failed to reconvey according to her agreement, a certain described piece of land, which had been sold under the decree for temporary alimony, and was worth $1,100 to the damage of defendant in that sum; that the plaintiff had full knowledge of all the facts at the time and before he bought the judgment.

3d. Alleging that when Sarah sold the judgment to plaintiff, she deducted from the amount due, a sum sufficient to procure a reconveyance of the piece of land described, and plaintiff agreed to procure it but he had failed to do so; and it was now out of the power of either to do it. That all the judgment has been paid to plaintiff

except $300, which is less than the value of the land, and is claimed as a set-off or payment of the balance due. That by reason of the failure to reconvey, said judgment is fraudulent and void.

The plaintiff demurred to the second and third counts of the answer because:

1. The alleged agreement of Thomas and Sarah Fleming, has no reference to, or connection with, plaintiff's judgment.

2. The defendant's remedy, if he has any, is against Sarah Fleming.

3. The agreement was merged in the judgment on which this proceeding is founded.

4. The defense alleged was adjudicated in the alimony suit and the judgment therein rendered; and,

5. The answer seeks to avoid the judgment as fraudulent, but states no fact constituting fraud.

This demurrer was overruled, and plaintiff standing thereon, judgment was rendered for defendant for costs. The plaintiff excepted and appeals, and assigns as error the overruling of the demurrer.

*Richman & Carskaddon* for the appellant.

*D. C. Cloud* for the appellee.

COLE, J. — There can be no reasonable question as to the correctness of the general legal proposition, in substance

1. SCIRE FACIAS: defense. as stated by the counsel for appellant in their argument, that matter which might have been pleaded to an original action, cannot be made available as a defense to a suit or process of revivor upon a judgment obtained in such action. The first and main inquiry in this case is, whether the defense, as alleged, might have been pleaded to the original action?

As a general rule, certainly, a defense, in order to be pleaded, must exist at the *time* of the action or trial. According to the statements of the answer, the defendant was bound to pay or deliver the notes and mortgage, or the substituted security, to wit: the judgment before or at least concurrently with his right to demand the reconveyance of the land sold under the decree for temporary alimony. Could he successfully defend a suit for the amount he had agreed to pay at a specified time, by showing that the plaintiff had agreed, as a part consideration for his promise, to reconvey certain land at an indefinite time? But to illustrate this idea more clearly: Suppose one person shall arrange for borrowing a certain sum of money from another; and to secure its repayment he is to give certain notes secured by mortgage; but when he goes to get the money, it is agreed to substitute a judgment by confession, as a security instead of the notes and mortgage; and thereupon, the party makes his confession of judgment, which is duly entered up, and then receives only a part of the sum agreed, and the lenders promise to hand him the balance on a subsequent day, or as desired or demanded; but in fact it is never handed him. Now, will it be seriously contended, that in a subsequent proceeding by *scire facias*, to revive such judgment, defendant cannot show, by way of defense to such action, that the plaintiff never performed his agreement to hand him the balance of the money, and therefore the judgment ought not to be revived? Could the plaintiff in such case, insist that the judgment was *res adjudicata* upon that matter, that it should have been pleaded as a defense to the original action, and cannot therefore be made available as a defense to a *scire facias?*

It appears to us that there can be no question as to the right of the defendant to avail himself of such facts in

defense to a *scire facias*, and that he may do so as against the original plaintiff or his assignee, and certainly against any assignee with notice of the facts. Such notice is distinctly alleged in this case, and the inquiry whether the defense is so connected with and arises out of the judgment itself, as to enable the defendant to use it against an assignee without notice is entirely obviated. *Sed vide Burtis* v. *Cook and Sargent et al.*, 16 Iowa, 194; *Isset and Brewster* v. *Lucas et al.*, 17 Id., 507. There is no difference in principle between the case at bar and the one put as illustration.

Again, under our statute, a defendant may set forth in his answer as many causes of defense, whether legal or equitable, as he may have. Rev., § 2880. This right of a defendant to avail himself of an equitable defense, is not limited to any particular kind of action, but is general. If the plaintiff in the judgment has, as averred in the answer, failed to perform that which was the consideration whereon the judgment was based, it would certainly be inequitable to enforce it, and upon this ground the answer might well be held sufficient. In either view of the case there was no error in the judgment of the District Court, and the same is

Affirmed.