## BRIDGES v. LINDER.

1. **Conveyance with agreement to reconvey:** CONDITIONAL SALE OR MORTGAGE: RULE STATED AND APPLIED. If an absolute conveyance be made and accepted in payment of an existing debt, and not merely as security for it, an agreement by the grantee to reconvey the land to the grantor upon receiving a certain sum within a specified time, does not create a mortgage, but a conditional sale, and the grantee holds the premises subject only to the right of the grantor to demand a reconveyance according to the terms of the agreement. Under this rule, the transaction involved in this case (for facts see opinion) was properly held to be a conditional sale.

2. **Evidence:** CONDITIONAL SALE: TIME OF REDEMPTION: BURDEN OF PROOF. Where there has been a conditional sale and a conveyance absolute on its face, and plaintiff seeks to redeem therefrom, the burden of proof is upon him to show that his offer to redeem was made within the time provided by the conditions under which the conveyance was made.

3. **Conveyance with agreement to reconvey:** CONDITIONAL SALE OR MORTGAGE: ADEQUACY OF CONSIDERATION. Great inadequacy in the price for which a conveyance absolute on its face, accompanied by an agreement to reconvey, was made, is a circumstance tending to show that the transaction was intended as a mortgage and not as a conditional sale, but it is not of itself sufficient to justify a court in so holding.

*Appeal from Des Moines Circuit Court.*

SATURDAY, DECEMBER 9.

THIS is a proceeding in equity for a decree that a deed absolute on its face is a mortgage, that defendants account for moneys received from rents and sales, that plaintiff may be allowed to redeem on payment of any balance due, and that his title be established and confirmed. The court dismissed the plaintiff's petition, and he appeals.

*P. Henry Smyth & Son,* for appellants.

*Newman & Blake,* for appellee.

DAY, J.—On the 12th day of December, 1876, the plaintiff borrowed from defendant, Mary A. Linder, $5,000, and executed therefor his promissory note, payable in five years, with interest at ten per cent per annum, payable annually. The note provides that interest in arrears shall draw ten per cent until paid, and that, in case of the non-payment of interest when due, the whole sum shall become due at the holder's option. To secure this note the plaintiff executed a mortgage upon three hundred and thirty acres of land. On the 29th day of April, 1878, no part of the interest on this note having been paid, the plaintiff and his wife executed an absolute deed of all the mortgaged lands to defendant, Mary A. Linder, for the consideration of $6,315, the grantors reserving the possession free of rent until March 1, 1879. In August, 1878, the note in question was delivered to the plaintiff, his name having been torn off, and he received it and marked upon the back in pencil, "lifted." After the 1st of March, 1879, the evidence shows that plaintiff occupied a portion of the premises for another year, under an oral lease, and that defendants executed a written lease of a part of the premises to one Harper. On the 29th day of January, 1880, the plaintiff, in writing, leased from Mary A. Linder all the premi-

Bridges v. Linder.

ses in controversy except eighty acres, from the 1st day of February, 1880, to the 1st day of February, 1881. This action was commenced on the 14th day of September, 1880.

1. Appellant's counsel insist that the deed in question, although upon its face an absolute conveyance, was intended to furnish more perfect security for the payment of the note, within five years from its date, and must, therefore, be treated as a mortgage, and they invoke, as applicable to the case, the maxim, "once a mortgage always a mortgage." The defendants, upon the other hand, insist that the transaction which culminated in the execution of the deed in question, was a conditional sale, subject to the right of plaintiff to continue in possession until the 1st of March, 1879, and to have a reconveyance of the property to him, upon the payment, by the 1st of March, 1879, of the amount expressed in the deed as its consideration. "If an absolute conveyance be made and accepted in payment of an existing debt, and not merely as security for it, an agreement by the grantee to reconvey the land to the grantor upon receiving a certain sum within a specified time, does not create a mortgage, but a conditional sale, and the grantee holds the premises subject only to the right of the grantor to demand a reconveyance according to the terms of the agreement." *Jones on Mortgages*, section 265, and cases cited. See also *Stowey v. McMurray*, 27 Mo., 113; *Turner v. Kerr*, 44 Mo., 429; *Hughes v. Sheaff*, 19 Iowa, 334; *Conway v. Alexander*, 7 Cranch, 218. The circumstances of this case are strongly against the position that the deed was intended only as security for the payment of the debt at the maturity of the note. The debt was already amply secured by a mortgage upon the same property as that included in the deed. The note by its terms had become due on account of the non-payment of interest, and the mortgage was subject to foreclosure. It is not reasonable to suppose that the defendant would substitute for a mortgage which was due, and liable to immediate foreclosure, a security

*Marginal note:* 1. CONVEYANCE with agreement to reconvey: conditional sale: rule stated and applied.

upon the same lands in another form, which could not be enforced for nearly four years. When to this is added the fact that, a short time after the conveyance, the plaintiff's signature was torn from the note which evidenced the debt, and the note was surrendered to and accepted by the plaintiff and marked "lifted," in connection with the positive testimony of the defendant that the debt was satisfied by the conveyance, and the deed was not intended as security, and the fact that plaintiff became the tenant of defendant of the lands, the conclusion is irresistible, it seems to us, that the plaintiff has failed to maintain his claim. "A debt either pre-existing or created at the time is an essential requisite of a mortgage. When there is no debt and no loan, it is impossible to say that an agreement to resell will change an absolute deed into a mortgage." Jones on Mortgages, section 265, and authorities cited.

If this land had depreciated in value, and the defendant had sought to treat the debt as existing, and to foreclose the deed as a mortgage, and to hold the plaintiff for any balance remaining after exhausting the land, it seems to us that we would not hesitate, under such testimony as that before us, to declare the debt satisfied by the conveyance. Indeed, from the testimony of the plaintiff himself it seems that the transaction was intended as a conditional sale, and not a mortgage, for he says: "Of course if I could not redeem at the five years end he was to have it all." In fact, the only difference between the testimony of the plaintiff and that of the defendant, is as to the time within which the plaintiff might make payment and obtain a reconveyance. The plaintiff testified that he was to have five years, whilst the defendant testifies that the plaintiff was to repurchase in one year. The plaintiff asks affirmative relief upon the ground that the time within which he was entitled to a conveyance has not expired. The burden of proof is, therefore, upon plaintiff. The circumstances cor-

2. EVIDENCE: conditional sale: time of redemption: burden of proof.

roborate the defendant. In our opinion the plaintiff has not established his claim by a preponderance of evidence.

II. It is claimed, however, that the transaction is inequitable and unreasonable because of inadequacy of consideration. From the whole testimony we conclude that the land conveyed was worth about $9,000. The consideration expressed in the deed is $6,315, and that is about what the debt would amount to at the time when, according to the defendant's testimony, the plaintiff was entitled to make payment and have a reconveyance. In no case which we have examined has mere inadequacy of price, without other attendant circumstances, been held sufficient to authorize a court to declare a deed, absolute on its face, a mortgage. The doctrine announced in 1 Jones on Mortgages, section 272, and which is sustained by authorities cited in the note, is as follows: "Among the circumstances which are considered as of weight, as tending to show that an absolute conveyance accompanied by an agreement ro reconvey is a mortgage rather than a conditional sale, is a great inadquacy of price, for which the conveyance was made. This alone will not authorize a court to give the grantor a right to redeem, but in connection with other evidence affords much ground of inference that the transaction was not really what it purports to be. Inadequacy of price, to be of controlling effect, must be gross. If it be very inadequate, it is a circumstance to show a loan and mortgage; but it is not conclusive." All the circumstances in this case tend to prove the transaction a conditional sale, except the claimed inadequacy of consideration. Indeed, as we have already seen, the testimony of the plaintiff himself tends to show the transaction a conditional sale, and differs from that of the defendant only as to the time agreed upon for a reconveyance. It may be that the contract was, upon the part of the plaintiff, improvident and injudicious, but we cannot on that ground alone transform it into a mortgage, and give the plaintiff an opportunity to redeem.

3. CONVEY-ANCE with agreement to reconvey: conditional sale or mortgage: adequacy of consideration.

The cases of *Russell v. Southard*, 12 Howard, 129; *Villa v. Rodoiguez*, 12 Wall., 323, and *Perigh v. Davis*, 96 U. S., 332, cited and relied upon by appellant, are essentially different in their facts and in the persuasivenss of their equities from the case at bar.

In our opinion the judgment of the court below should be

AFFIRMED.