CHANDLER *et al.* v. CHANDLER *et al.*

1. **Mortgage**: WHAT IS NOT: DEED WITH AGREEMENT TO RECONVEY. An absolute deed contained an agreement on the part of the grantee to give to the grantor a bond to reconvey upon the payment of a certain sum. *Held* that this did not show a debt from the grantor to the grantee, and that the deed was given to secure it, and was, hence, only a mortgage.

2. **Evidence**: EXCLUSION: ERROR WITHOUT PREJUDICE. The exclusion of competent evidence is error without prejudice where it appears that the result could not lawfully have been different had the evidence been admitted.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

FILED, JANUARY 21, 1889.

ACTION at law to recover possession of land. Trial to the court, and judgment for plaintiffs. Defendants appeal.

*Hedges, Rumple & Lake,* for appellants.

*J. T. Beem,* for appellees.

BECK, J.—I. The defendants answer plaintiffs' petition by a general denial; no special defense is pleaded. The title to the land rests upon

1. MORTGAGE: what is not: deed with agreement to reconvey.

the following conveyances: (1) A deed by defendants, who are husband and wife, to Uri Chandler, which contains the following unilateral contract entered into by the grantee; "The said Uri Chandler hereby assumes the payment of a certain mortgage on said premises, of date February 25, 1873, for two thousand dollars, executed by H. F. Brown to the Ætna Life Insurance Company. The said Uri Chandler agrees to give the said James Chandler a bond, binding the said Uri Chandler to redeed the above described property when the said James Chandler shall have paid the sum of twenty-five hundred dollars." (2) A deed executed by Uri Chandler to plaintiffs. It will be observed that defendants claim the right to the

possession of the land notwithstanding their conveyance to Uri Chandler. Their claim is based upon the ground that their deed to Uri Chandler is, in effect, a mortgage, and therefore does not convey the title to the land.

II. The language of the grantee's contract, found in the deed which is above quoted, cannot be interpreted so as to show an indebtedness from defendants to Uri Chandler, the grantee. It expresses the obligations of the grantee to reconvey the land when twenty-five hundred dollars is paid to him by defendants, or rather that the grantee shall execute a bond to that effect. But it is not said, and it cannot be so understood, that the defendants owe the grantee twenty-five hundred dollars. The language rather implies an obligation to sell the land to defendants, and convey it to them, in consideration of twenty-five hundred dollars. But certain it is the language of the instrument does not show the existence of a debt from defendants to the grantee, and that the instrument is made as security therefor.

III. Evidence was introduced which defendants claim tends to show that the deed was executed to secure a debt. This evidence plaintiffs insist was inadmissible, for the reason that the fact of the indebtedness and security by the deed were not pleaded; the answer presenting only a general denial. This objection to the evidence was sustained by the court below. For the purpose of the case, we may regard the evidence as competent. As it utterly fails to establish that the deed was intended as a security, and also fails to show with the clearness required the existence of a debt to the grantee in the deed, the ruling of the district court excluding the evidence is without prejudice to defendants. We cannot say, regarding the evidence as competent, that the case was wrongly decided. These views, of the soundness of which we have no doubt, lead us to the conclusion that the judgment of the district court ought to be                                    AFFIRMED.

2. EVIDENCE: exclusion: error without prejudice.