ELLEN SLATTERY, Appellee, v. LIZZIE SLATTERY, *et al*, Appellants.

Deeds: EXECUTION: EVIDENCE. In an action for the possession of real property which plaintiff claimed by deed from her children, the evidence is considered and held sufficient to show that plaintiff's son, the deceased husband of defendant, joined in the deed.

Evidence: MOTION TO STRIKE. Where evidence is admitted without objection, a motion at the close of all the testimony to strike certain portions comes too late.

Deed: ALTERATION OF.   The unauthorized alteration of a deed
3    after its execution and delivery will not affect its validity.

Deed: ACKNOWLEDGMENT.   Acknowledgment is not necessary to
4    the validity of a deed between the parties..

Adverse Possession: PAYMENT OF RENT.   Payment of rent for a
5    series of years by the occupant of land will preclude his heir
     from acquiring title by adverse possession.

*Appeal from Lee District Court.*—HON. H. BANK, Judge.

WEDNESDAY, MAY 27, 1903.

ACTION to recover possession of real estate and for
rents and profits thereof.   The action was commenced at
law, but was transferred to the equity docket, and tried
as an equitable action.   It appears without question that
Daniel Slattery, Sr., died intestate in the year 1885; that
he left surviving him this plaintiff, as his widow, and
three children—two sons, Charles and Daniel, Jr., and
one daughter, Catharine; that at the time of his death he
was the owner, among other tracts of land, of the land in
controversy, which was the family homestead, and is de-
scribed as the east half of the southwest quarter of section
8, township 66, range 5, Lee county.   It is the contention
of plaintiff that on March 13, 1886, she and her three
children above named entered into an agreement in writ-
ing in substance waiving administration and providing for
an amicable division and partition of the estate of the
deceased husband and father; that by such writing the
details respecting the distribution of the personal property.
are set forth, and reference is made to the fact that the
real estate has been partitioned by appropriate deeds
executed and delivered.   Plaintiff further contends that
pursuant to said agreement there was conveyed to her the
fee title to the homestead, being the lands here in con-
troversy, by her said children, including Daniel, Jr., and
that by separate deeds the remaining lands forming part
of the estate were conveyed one part to Daniel, Jr., and

one part to Catharine. Plaintiff also says that on the same day she executed and delivered to Daniel, Jr., a deed of the lands here in controversy, conveying to him the fee title thereto, but reserving to herself, however, the right of possession and the rents and profits of said lands for the period of her natural life. The facts thus contended for by plaintiff are not disputed by defendants, save and except that it is denied that Daniel, Jr., joined in the execution and delivery of the written contract and the deed to plaintiff as alleged. The following undisputed facts also appear: That, following the transactions above referred to, plaintiff and her son Daniel, Jr., who at the time was unmarried, lived together upon the land in controversy, and that an accounting for rent was made each year to plaintiff by her said son; that matters thus continued until January, 1897, when Daniel, Jr., died, leaving surviving him the defendant Lizzie Slattery, whom he had married in the meantime, as his widow, and one minor son, Charles M. The latter died in March, 1899, before the commencement of this action. After the death of Daniel, Jr., the defendant, his widow, continued to occupy the lands, and when this controversy arose was in possession thereof through the defendant Carr as her tenant. After the death of her son, plaintiff went to live with her daughter, Catharine. This action was brought because of the alleged refusal of defendants to recognize the rights of plaintiff in and to said lands as claimed by her, said plaintiff, both as to possession and payment of rent. In one division of her answer defendant Lizzie Slattery pleads adverse possession under claim of right, by herself and her husband, for more than ten years, and that all right of plaintiff is barred by the statute of limitations. In another division she claims to be the absolute owner of one-third of the land, and that she owns the other two-thirds subject to a life estate or homestead right on the part of plaintiff, and this she claims under the deed of Charles and Cather-

ine to plaintiff and the deed of plaintiff to her deceased husband, being the deeds hereinbefore referred to. As already stated, however, she denies that such deed to plaintiff was either executed or delivered by her husband, Daniel, Jr. Further, by her answer the value of the rents and profits is put in issue. Said defendant also files a cross-petition, in which she asks that her title to an undivided one-third of said lands be quieted in her, and that plaintiff be decreed to have no interest whatever therein. There was a decree in favor of plaintiff for the possession of the entire tract of land, and as against defendant Lizzie Slattery for the sum of $675, being the value as found, of the rents and profits withheld by her. Defendants appeal. —*Affirmed.*

*J. F. Smith* and *B. A. Dolan* for appellants.

*James C. Davis* and *J. E. Craig* for appellee.

BISHOP, C. J.—The initial question presented by the record is whether or not Daniel Slattery, Jr., joined in the execution and delivery of the deed to the lands in controversy to his mother, as alleged by her. It is manifest that the answer to such question must be determinative of the principal issue in the case. Indeed, counsel for appellants do not deny that, if such question shall be determined in accordance with the contention of appellee, then no other questions remain for consideration, save that made by the plea of the statute of limitations, and that respecting the value of the withheld rents and profits. From our reading of the record we think. but one answer can be made to such initial question; that is, that Daniel Slattery, Jr., was a party, with his mother, brother, and sister, to the agreement for the disposition of the estate of his deceased father; that he signed the written agreement to which we have made reference, and joined in the execution and 1. DEEDS: execution: evidence. delivery of the deed to plaintiff upon which she bases her right to recover in this action.

The conclusions thus reached by us are based upon evidence found in the record, and the truth of which is in no manner challenged. William Seeper, husband of Catharine, as a witness testifies that Daniel, J., was present and took part in the negotiations at the time the terms of settlement were agreed upon, and that this occurred at the place where the mother was then living. He also testifies that all the parties then went to a bank to have the papers drawn up. We quote from his testimony: "The heirs met together, and a settlement and adjustment of his estate was made. I was present, and the settlement was at the home of the old lady, but it was finally settled and all the papers signed at the savings bank—Mr. Johnston's bank—who sort of conducted it for us. Was present when this deed you hand me was signed at the bank." The deed referred to is the one to plaintiff upon which this action is predicated. Again, the same witness says: "This paper [the deed] was signed in the bank on the same day and at the same time. After these papers were signed, Judge Johnston gave this contract to the old lady, and told her to take care of it, and then he said to the old lady: 'Here is your deed, and here is the contract. You are the proper one to take care of it.' The other deeds were delivered at the same time, one to my wife, and one to Daniel, Jr." Upon cross-examination the witness gives in detail the circumstances attending the execution and delivery of the contract and deed. The testimony of said witness is corroborated in many particulars by testimony given by his wife, Catharine, and by Charles Slattery.

It is true that to many of the interrogatories propounded to these witnesses the defendants made objection, based upon section 4604 of the Code. That section provides, in substance, that no person interested in the event of an action, and no husband or wife of any such person, shall be examined as a witness in regard to any personal

transaction or communication between such witness and a person at the commencement of such examination deceased, against the heir at law, next of kin, or survivor of such deceased person.   It is not claimed that any of the witnesses referred to either have or claims to have any right, title, or interest in or to the lands in controversy, or to the rents and profits thereof.   But it is said that the matter of the execution of the deed to plaintiff, as alleged, involved a personal transaction with Daniel, Jr., now deceased, and that said witnesses are interested in the event of this action, in that a failure on the part of plaintiff to recover herein would subject them to an action in damages at the hands of plaintiff for breach of warranty, it appearing that the deed contains covenant of warranty in the usual form.   The witnesses named were the only ones called on behalf of plaintiff to establish the fact of the execution and delivery of the contract and deed; and, to defeat a recovery by plaintiff, counsel for defendants seem to place reliance wholly upon faith that the objections made must be sustained, and that such ruling would result in stripping the record bare of all evidence tending to establish the fact in question as to the execution and delivery of the contract and deed.   But such assumption is not well founded, and, as we read the record, it is unnecessary that we even decide the question raised by the objections so made.   The specific questions propounded to the witness, and to which objections were made, had relation to the execution and delivery of the papers, including the contract and deed to plaintiff.   For the purposes of the case we may concede that the particular questions as against which objection was urged and the answers to such questions, should be ruled out.   Still it appears that the witnesses were allowed without objection to answer questions propounded to them having reference to the subject of the execution and delivery of the contract and deed, and which answers, in our view, fully establish the

facts thus in dispute.    This being true, it seems to us that
we have an end of the controversy, and that any consider-
ation of the objections made is wholly unnecessary.

In saying this we do not overlook the fact that at the
close of the evidence defendants moved to strike all the
testimony of the witnesses having reference to the execu-
2. EVIDENCE:    tion and delivery of the contract and deed as
motion to
strike.    incompetent under the statute.    Such objec-
tion came too late.    The effect of the statute is to make
the witness incompetent to testify.    There is no provision
holding that the evidence of such witness is not competent
if admitted without objection made at the time when
offered.    A general objection to the competency of a wit-
ness, made at the close of his evidence, comes too late.
*Watson v. Riskamire*, 45 Iowa, 231.

Some claim is made because of the fact that the deed,
as now presented, appears to have been altered, the sign-
ature of Daniel, Jr., having been erased, or rather crossed
3. DEED: alter-    out, by pen and ink, and all reference to him
ation of.    having been in like manner stricken from the
acknowledgment.    It clearly appears, however, that this
was done after the delivery of such deed, and therefore its
validity as an instrument of conveyance cannot be affected
thereby.    Without doubt, where an instrument has been
signed and delivered, the title passes, and such title can-
not be affected by a subsequent alteration of the instru-
ment not shown to have been specially authorized.    *Hol-
lingsworth v. Holbrook*, 80 Iowa, 154; *Woods v. Hilder-
brand*, 46 Mo. 284 (2 Am. Rep. 513); 5 Am. & Eng. Ency.
Law (1st Ed.) 425.

Under the circumstances of this case an acknowledg-
ment of the deed was not necessary to its validity.    "It
is well settled that an acknowledgment is not essential to
4. DEED: ack-    a deed of conveyance.    If it is in fact exe-
nowledg-
ment.    cuted and delivered voluntarily, it will be
effectual as between the parties to it and all parties hav-

ing notice of it." *Kruger v. Walker*, 94 Iowa, 511. Defendant Lizzie Slattery neither had nor claims any right in the property, save and except as the widow of Daniel, Jr. Accordingly her rights must be measured by the rights possessed by her husband at the time of his death, and not otherwise. This is elementary.

Such being the condition of the record, we have no hesitancy in holding that plaintiff acquired full title to the lands in question by virtue of the settlement contract and deed. This being true, it follows that she has fully established her right to the possession of the property and to recover the rents and profits thereof, unless such right has been cut off by operation of the statute of limitations. That the plea of the statute is without force clearly appears from our reading of the evidence, and all contention arising out of the subject may be disposed of in a word.

5. ADVERSE possession: payment of rent.
During all the years of his occupancy of the property Daniel, Jr., paid an annual rental to his mother, and it is only during the brief period since his death that the right of plaintiff has been made the subject of any question. Indeed, in every material sense this is admitted by the defendant. In our view, the evidence fully justifies the finding of the trial court in respect to the value of the withheld rents and profits.

We conclude that there was no error in the decree, and it is AFFIRMED.