Mary McRobert, Appellee, v. Minnie E. Bridget et al., Appellants.

**MORTGAGE: Deed Absolute as Security—Sufficient Showing.** The question "Is an absolute deed a mortgage or a conveyance?" is bottomed on the intentions of the parties.

    PRINCIPLE APPLIED: Plaintiff took absolute conveyance, along with a contract to re-convey to defendant, with forfeiture clause in case of non-payment, "time being made the essence of the contract." Grantor agreed to pay taxes. Grantee did not want the property, but the return of the money advanced, and orally agreed to give grantor six months in which to redeem. Grantor, with grantee's knowledge, treated the property as her own, and improved it. *Held,* deed was shown to be a mortgage.

**MORTGAGE: Absolute Deed as Security—Forfeiture.** Forfeitures are in such dislike that one holding an absolute deed as security may not invest himself with full title because default is made in payment, even though "time is made the essence of the contract."

**MORTGAGE: Absolute Deed as Security—How Shown—Surrounding Circumstances.** On the question "Is an absolute deed a mortgage or a conveyance?" resort may be had to extraneous circumstances, both prior and subsequent to the writing.

**MORTGAGE: Deed Absolute as Security—If in Doubt, Mortgage.** On the question "Is an absolute deed a mortgage or a conveyance?", the deed being in company with a contract to reconvey, doubts will be resolved in favor of the mortgage theory.

**FORCIBLE ENTRY AND DETAINER: Statute of Limitation—When Action Barred.** An action of "Forcible Entry and Detainer" is barred by delaying the commencement of the action for more than thirty days after three-day notice to quit was given.

*Appeal from Pottawattamie District Court.*—Hon. Thomas Arthur, Judge.

WEDNESDAY, DECEMBER 16, 1914.

ACTION for the possession of real property, under proceedings in forcible entry and detainer. The trial court awarded possession to the plaintiff, and the defendants appeal.—*Reversed.*

*W. S. Baird,* for appellee.

*W. H. Killpack* and *F. E. Northrop,* for appellants.

WITHROW, J.—I. The petition in this action of forcible entry and detainer claimed the immediate possession of lots 13 and 14 in Beer's subdivision of Council Bluffs; that plaintiff was the owner; and that defendants, husband and wife, had failed and refused to surrender the premises, although served by the statutory notices of thirty days and three days, before bringing the action.

The answer denied plaintiff's ownership, pleaded that the action was barred, and also pleaded title to the real estate in the defendants. The cause was transferred from justice court to the district court, trial was had, resulting in a judgment finding plaintiff to be the owner of the property and entitled to possession of it, and from such judgment this appeal is brought.

II. On February 20, 1911, Minnie E. Bridget, one of the appellants, was the owner of the property in controversy, there being incumbrances against it. On or about that date, Mrs.

**1. MORTGAGE: deed absolute as security: sufficient showing.**

Bridget and her husband executed and delivered to Mrs. McRobert a quitclaim deed to lot 14 for an expressed consideration of $700. About the same time and as a part of the deal, the Hafer Lumber Company conveyed to Mrs. McRobert by warranty deed lot 14, the consideration being given as $900, the instrument reciting that it was subject to a contract running to Minnie E. Bridget, and that the contract was assigned to Mrs. McRobert. In a warranty deed dated January 28, 1911, acknowledged and recorded February 21st, Minnie E.

Bridget and husband conveyed lot 13 to Mrs. McRobert, for a consideration of $210. As a part of the transaction, on February 20th, two contracts were entered into between the parties, under which Mrs. McRobert sold to Mrs. Bridget lots 13 and 14, for the sums of $831 and $842, respectively, payable six months after date, with interest at 6 per cent., payable semi-annually, time being fixed as the essence of the contract, there being provision for forfeiture in case of failure of the purchaser, Mrs. Bridget, to make payment or pay taxes. Under these conveyances, the appellee claims title and right of possession, notice of forfeiture having been served; and under the conveyances and the contracts, the appellants asserted that the title and right of possession is in them, and that the transaction was not of conveyance, but of mortgage.

III. The husband of Mrs. McRobert, who conducted her business affairs, testified that there were many transactions between the two women, and that nothing had been paid on the contracts.

Mary McRobert testified that she was sent for by Mrs. Bridget, who said she was dying and that "they are going to take that property anyway and I want you to have it." That Mrs. Bridget made the quitclaim deed to lot 14, and asked, "Will you give me six months to redeem it?" to which Mrs. McRobert replied: "Most assuredly I will if you want it. I don't want the place; all I ask, if you can't pay it back at this time, pay back my money what I paid out and the property is yours." She further testified that Mr. Bridget objected to it, but that she would not pay until he signed everything; that Mrs. Bridget "wanted six months to redeem it, and I gave her that privilege;" that she "never let her (Mrs. McRobert) have any money on this contract, only when she had money in the bank, and had me leave it there to draw when she wanted to fix up the place." There was no evidence introduced on the part of the appellants, and from this record, which but imperfectly as we presume presents the facts bearing upon the transaction between the parties, we must deter-

mine the legal character of the instruments under which the appellee claims ownership.

At the time, Mrs. Bridget was involved in debt, and the property was held as security, or liable to be taken. It also is clear that Mrs. McRobert, in the transaction, did not want the property, but only the return of the money, which, as gathered from the record on this point, was at the time owing her by Mrs. Bridget. There was at the time a mortgage on another property of Mrs. Bridget held by Mrs. McRobert, which, at the trial of this action in the district court, was under foreclosure, and the two proceedings were tried together. As to the property sought to be recovered in this proceeding, it was pleaded by the defendants that it was conveyed as security for an indebtedness of $1,674 which was the aggregate of the amounts named in the two contracts. The reply, not denying that such indebtedness existed, pleaded that it was the intention of the parties that the conveyances should be absolute, with an agreement for a resale.

It appears that Mrs. Bridget, in her occupancy of the property, treated it as her own, and, with the knowledge of Mrs. McRobert, expended money in improvements after the execution of the deed and contracts.

It is evident from these facts that the transaction between the parties was primarily intended to secure an indebtedness held by the appellee. That Mrs. Bridget did not intend by it to fully part with all her rights in the property we think is clear from the testimony of Mrs. McRobert; and that the latter knew that such was the understanding and belief of Mrs. Bridget, as well as her own, is not, under this record, susceptible of fair doubt. The fact that the contracts provided for forfeiture of rights upon failure to meet their conditions, with time being made their essence, did not alter the character of the agreement between them, for forfeiture does not apply to contracts for reconveyance of property conveyed by an absolute deed to secure the payment of a debt. *Hull v. McCall,* 13 Iowa 467; *Brush v. Peterson,* 54 Iowa 243.

2. Mortgage: absolute deed as security: forfeiture.

In transactions like this, the written agreements and conveyances between the parties are not wholly controlling, when from them, taken together, there appears question as to what

3. MORTGAGE: absolute deed as security: how shown: surrounding circumstances.

was their real intention; but the substance of the transaction takes in relevant facts preceding as well as following it. *Bigler v. Jack,* 114 Iowa 667; *Bridges v. Linder,* 60 Iowa 190; *Green v. Turner,* 38 Iowa 112.

There existed an indebtedness; the conveyances were made either to secure or pay it; the contracts of resale are strong evidence that the deeds were intended as security; and

4. MORTGAGE: deed absolute as security: if in doubt, mortgage.

the understanding of the parties at the time, relevant facts bearing upon it, bring the case within the rule of *Keeline v. Clark,* 132 Iowa 360. Were there doubt under the testimony as to the purpose of the parties, as to whether the conveyance was a sale or a mortgage, when a contract to recover is made, the settled rule is that in such cases it will be held to be a mortgage. *Fort v. Colby,* 165 Iowa 95; *Jones v. Gillett,* 142 Iowa 506, 513.

We conclude that the rights of the parties must be treated as arising under mortgages rather than deeds, and that action in forcible entry could not be maintained.

IV. Independent of this conclusion, there is another view of the case equally decisive of the right to possession by statutory proceedings.

Acting upon the theory that the rights of the appellants under the contracts and deeds were subject to forfeiture, on the 14th day of April, 1912, the appellee caused to be served

5. FORCIBLE ENTRY AND DETAINER: statute of limitations: when action barred.

notices to that effect on the appellants. The sufficiency of the service of the notices is questioned; but we pass that question, and for our present purpose treat the service as having been duly made. The date fixed by the notices for the forfeiture of their claims was May 20, 1912.

On June 19, 1912, a thirty days' notice to quit was served

upon the occupants of the property. On the same day, a three days' notice to quit was served. Each of the notices stated that, upon failure to deliver over possession of the property within the time respectively limited in them, proceedings would be commenced to recover such possession. This action was commenced August 1, 1912.

Code, Sec. 4217, provides that thirty days' peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to the action of forcible entry and detainer; and under this section, appellants claim that the cause of action as now brought was barred. The claim of the appellee is that, by holding over after the time fixed as for the forfeiture, the occupants of the premises were tenants at will, and that this tenancy was not terminated until the expiration of the thirty days following the service of the notice, or July 19th, and that this action having been brought within thirty days after that date, it is not within the bar of the statute.

We have already referred to the fact that the three days' notice was served on the same day as that terminating the tenancy at will.

Whatever may have been the rights of the parties under the thirty days' notice, as provided by Code, Sec. 2991, it is the requirement of Code, Sec. 4210, that in cases like this, before action can be brought, three days' notice to quit must have been given, and this could not properly be done until the cause of action accrued. More than thirty days intervened between the time of such service and the commencement of the action, during which time the appellants remained in possession with the knowledge of the appellee, and this, we think, brings the case within the bar of the statute.

The thirty-day notice did not require the possession of the premises to be surrendered until that time had expired, and during that period, the possession was peaceable and uninterrupted, within the meaning of the statute. *Heiple v. Reinhart,* 100 Iowa 525.

The action was not commenced by the service of the

notices to quit, and, until commenced, under the rule of the cited case, there was no interruption of possession. We conclude as to this branch of the case, were such proceeding permissible under the facts in this case, that the cause of action was barred when brought.—*Reversed.*

LADD, C. J., DEEMER and GAYNOR, JJ., concur.