ELLA HINMAN, Appellant, v. W. N. SAGE, Appellee.

No. 39032.

OCTOBER 16, 1928.

REHEARING DENIED SEPTEMBER 21, 1929.

*B. F. Jones* and *B. A. Dolan,* for appellant.

*E. W. McManus,* for appellee.

STEVENS, C. J.—The following material facts are without dispute in the record. On September 24, 1908, appellant executed a note to the Farmers Savings Bank of Wever, Iowa, for $6,000, payable in ten years. To secure the payment of said note, she executed a mortgage upon a 211-acre tract of land in Lee County. Since she was unable to pay the note when due, a foreclosure action was instituted by the bank. On December 4, 1918, appellant conveyed the above-described tract to the bank, and received

a lease for one year, containing a provision that she might, at her option, pay the amount due on the note, together with interest and taxes, at any time within said time, and, if she did so, the property would be reconveyed to her. As a part of this transaction, the $6,000 note was surrendered to appellant, and the mortgage canceled. Unable to repurchase the land within the time fixed, she applied to appellee, who is a cousin, for assistance. The negotiations between the parties resulted in the execution, on or about December 13th, of a quitclaim deed, conveying the interest of appellant in the 211-acre tract to appellee, for an expressed consideration of $1.00. Contemporaneously with the execution of the deed, the parties entered into a contract in writing, containing the following provision:

"Whereas the Farmers Savings Bank of Wever, Iowa, now holds a deed for a certain tract of land amounting to two hundred and eleven acres (211) and lying near the Des Moines River bridge just across the Des Moines River from the city of Keokuk, and that whereas the said Ella Hinman has a contract to purchase this land any time within the month of December, 1919, and said Ella Hinman is conveying her right to purchase this land and all her interest in this land this day to W. N. Sage for this consideration, the said W. N. Sage agrees to sell the said Ella Hinman this land purchased from the Wever bank any time within the year 1920 for the price and sum that the said W. N. Sage pays said Farmers Savings Bank of Wever together with the interest and costs including taxes and all other expenses and any other indebtedness the said Ella Hinman may owe the said W. N. Sage upon the payment of this money within the year 1920 the said W. N. Sage agrees to deed the said two hundred and eleven (211) acres of land to the said Ella Hinman."

The amount due the Wever bank was $6,902.34. This, appellee paid by the execution of a mortgage upon the land for $5,000, and the balance in cash. As a part of this transaction, the bank conveyed its interest in the land to appellee. Appellant retained possession of the land for one year, and thereafter appellee assumed control thereof, and received the rents and profits therefrom. The deed from appellant was filed for record in September, 1925.

It is claimed by appellant that, at the time the deed and con-

tract above referred to were executed, it was agreed between the parties that all of the papers should be placed in an envelope, and delivered to a Mr. Dunlap at the bank, to be held by him in escrow until desired by both parties. Appellant testified that, about September, 1925, she learned that the deed had been placed of record, and that, thereupon, she wrote him a letter, advising him that, if he would go to an attorney whom she named, he would receive the amount due him, and asking for an accounting for the rents. Nothing further appears to have been done until March 31, 1926, when this action was commenced.

The law applicable to this controversy is well settled in this state. That a deed absolute in form may, under certain circumstances, be decreed a mortgage has too frequently been held in this and other jurisdictions to require the citation of authority. There are many decisions of this court in which such instruments have been held to have been intended by the parties to constitute a mortgage. A prerequisite universally recognized is the existence of a debt, or obligation to pay, on the part of the grantor. *Chandler v. Chandler*, 76 Iowa 574; *Usher v. Livermore*, 2 Iowa (Clarke) 117; *Hughes and Dial v. Sheaff*, 19 Iowa 335; *Bigler v. Jack*, 114 Iowa 667. To justify a court of equity in holding a deed absolute upon its face to be a mortgage, the evidence to that effect must be clear, satisfactory, and convincing. *Baird v. Reininghaus*, 87 Iowa 167; *Stevenson v. Chicago & N. 'W. R. Co.*, 94 Iowa 719; *Jones v. Gillett*, 142 Iowa 506; *Ridings v. Marengo Sav. Bank*, 147 Iowa 608; *Bradford v. Helsell*, 150 Iowa 732; *Cold v. Beh*, 152 Iowa 368; *McMahon v. Gotch*, 191 Iowa 1.

A deed absolute in form is presumed to convey the fee, and to indicate that it was not intended by the parties as a mortgage. *Betts v. Betts*, 132 Iowa 72. If all of the prerequisites are shown, and, under the evidence, a doubt exists as to whether the conveyance was intended to be absolute or as security for a debt, the instrument will be construed as a mortgage. *Hughes and Dial v. Sheaff*, supra; *Trucks v. Lindsey*, 18 Iowa 504; *Jones v. Gillett*, supra; *Fort v. Colby*, 165 Iowa 95; *McRobert v. Bridget*, 168 Iowa 28; *Cullen v. Butterfield*, 178 Iowa 621.

Some contention is made by appellant that the contract referred to contains no provision for forfeiture, and that no notice

thereof was served. No such provision or notice was required. *Hull v. McCall,* 13 Iowa 467; *McRobert v. Bridget,* supra.

Ordinarily, the question is largely one of intention. As already stated, the debt of appellant to the Wever bank had been canceled and the mortgage released some months prior to the opening of transactions with appellee. The lease from the bank to appellant gave her an option to repurchase the land within one year by paying the amount due the bank at the time the deed was executed, together with interest and taxes. Clearly, the conveyance to the bank was in satisfaction of the debt, and the only right of appellant thereafter was to exercise the option given to her by the contract to repurchase the land. Appellant testified that she had a clear and definite understanding with appellee that the land would be reconveyed to her at any time upon the repayment of the sum which appellee paid to the Wever bank, with interest and taxes. She further testified that appellee insisted upon the transaction's being kept secret, and that she conceal the same from her attorney. She also testified that she believed the deed was placed in the envelope, as agreed, and that it was delivered to Dunlap in escrow, and that she did not know how appellee obtained possession of it.

All of the foregoing is denied by appellee, who also testified that he at all times refused to loan the money to appellant to pay the bank. In this he is corroborated to some extent by the testimony of his wife. Two witnesses called by appellee testified that appellant, upon one occasion, declared that she had lost the farm, and that it belonged to appellee.

The contract between the parties imposed no obligation whatever upon appellant to pay any indebtedness to appellee or any other person, or to repurchase the land. No action could have been maintained by him against her, either at law or in equity, to recover the amount. It is significant that the debt to the bank had previously been extinguished, and that, at the time of the transaction, appellant had only an option to repurchase the land. The transaction was not between a mortgagor and a mortgagee, and there could be no continuing indebtedness. On the face of the transaction, the relation of debtor and creditor between the parties did not exist.

Appellant, however, relies upon the circumstances, to overcome the presumption that must be indulged in this case. Refer-

ence is made to the provision of the contract which refers to any other indebtedness of appellant to appellee. So far as the record shows, there was none. The reason for this provision of the contract is not shown by the testimony.

Gross inadequacy of price is also strenuously urged by appellant as a circumstance. The testimony introduced by appellant tended to show that the land was worth from $125 to $150 per acre, at the times material to this controversy. On the other hand, appellee offered testimony tending to show that the value of the land was from $35 to $45 per acre. The court was of the opinion that its value was slightly less than the amount necessary to be paid if the option had been accepted. The wide discrepancy in the testimony of the witnesses called by the respective parties makes any estimate or finding on the subject of value necessarily largely a matter of conjecture. Appellant is advanced in years, and at the time of the several transactions detailed, she was financially embarrassed.

It is conceded that the deed and contract were prepared by appellee in his own office. It is contended by appellant that they had long been friends, were relatives, and that she reposed especial confidence in him. It is also claimed by her that appellee fraudulently withheld the deed from, and did not place it in, the envelope, as agreed. Apparently, the transaction was well understood by the parties, and appellant was in no sense overreached. Appellee was subjected to a rigid cross-examination, and was somewhat reluctant to express an opinion as to the value of the land. If it be conceded that he was somewhat evasive and reluctant to answer some of the questions put to him on cross-examination, not enough was elicited to impeach the good faith of the transaction complained of. The testimony relied upon by appellant is wholly insufficient to overcome the presumption that the deed is what it purports to be,—an absolute conveyance. Not having exercised the option, appellant lost all her rights under the contract. 3 Pomeroy's Equity Jurisprudence (3d Ed.), Section 1194 et seq.

Complaint is made of the exclusion by the court of testimony offered by appellant. The ruling was clearly without prejudice.

We conclude that the decree of the court below should be, and it is,—*Affirmed.*

DE GRAFF, ALBERT, and MORLING, JJ., concur.