J. J. SHANDA, Administrator, et al., Appellants, v. CLUTIER STATE BANK of Clutier, D. W. BATES, Superintendent of Banking, Manager of Clutier Bank, Appellees.

No. 42748.

MAY 14, 1935.

REHEARING DENIED SEPTEMBER 17, 1935.

Willett & Willett, for appellants.

Thomas & Thomas, for appellees.

POWERS, J.—Elmer Konicek, on June 20, 1932, owned and occupied a farm of 75 acres in Tama county. He was unmarried. At that time the farm was subject to a first mortgage of $4,000 to the Northwestern Mutual Life Insurance Company, and a second mortgage for $1,500 to the Clutier State Bank, the defendant and appellee herein. The second mortgage was past due since March 1, 1932, both as to the principal and the semiannual interest installment which became due at that time. A semiannual interest installment which became due on the first mortgage on the 8th day of May was unpaid and the taxes for the year 1931, payable in 1932, covering the property were also unpaid. On that date, Konicek executed a warranty deed conveying said premises to the Clutier State Bank. The deed recites a consideration of $1 and other valuable consideration. At the time the deed was made out, a statement was made up showing that the encumbrance upon the land at that time, together with such interest installment and taxes and other necessary expense in connection with the farm as would accrue before March 1, 1933, would amount to approximately $6,150. And as a part of the transaction in which the deed was executed by Konicek to the bank, the parties entered into a written contract under the terms of which Konicek acquired an option to repurchase the land on

March 1, 1933, for $6,150, by giving notice of an intention to exercise said option on or before January 1, 1933. The contract further provided that Konicek was to have possession of the farm until March 1, 1933. Following this transaction, and in August, Konicek died and subsequently, and in February, 1933, plaintiff, the appellant herein, was appointed administrator of his estate. Almost immediately following his appointment he brought this action in equity, first, to have the transaction between Konicek and the bank declared void, and, if not void, to have the deed made by Konicek to the bank declared, in effect, a mortgage.

The right of the plaintiff as the administrator of the estate of Konicek to maintain such an action is not challenged, and we will, therefore, assume for the purposes of this case that the plaintiff had such right.

It is the claim of the plaintiff that the deed given by Konicek to the bank and the option contract given by the bank to Konicek are one transaction, and, first, that said transaction is void, (a) because the deed was procured by fraud, (b) because the contract giving to Konicek the right to repurchase was not executed by the president or vice president of the bank as required by its articles of incorporation and was not sealed with the corporate seal of the bank as required by the bank's articles of incorporation and by section 10067 of the Code, (c) because the transaction by which the cashier of the bank, acting for the bank, gave Konicek an option to repurchase the real estate from the bank was void because not authorized by the board of directors of the bank, and, therefore, prohibited by Code, section 9283-c1, (d) because one Fisher, an assistant cashier of the bank, had an arrangement with the bank to acquire the land and, therefore, was disqualified as a notary as one having an interest in the transaction; and, second, that even though said transaction be held to be valid, the deed should be construed as a mortgage, and plaintiff-appellant prays that an accounting be had to determine the amount required to redeem said land from said mortgage.

The trial court dismissed plaintiff's petition and entered a decree quieting the title to the land in the defendant bank. From this decree, plaintiff appealed.

I. We give our attention first to the attack upon the validity of the transaction by which the bank acquired title to the land.

(a) As to the claim that the deed from Konicek was obtained

by fraud, it is only necessary to say that there is no evidence in the record to sustain it. Nothing is urged except that the land was of greater value than the indebtedness against it. This seems to be doubtful. The farm lay in two tracts with a highway between them. Each tract was badly cut up by open ditches. Improvements appear to be very old and of little value. All the witnesses, with one exception, who testified as to the value of the land at the time of the transaction fixed the value at about $75 an acre, which would give the tract a total value of $5,625. The evidence does not indicate that the transaction was unconscionable or that there was any overreaching by the bank, and the evidence falls far short of showing, by a preponderance thereof, that Konicek did not receive full value for the farm in the form of credit on his indebtedness. There is no evidence of misrepresentation or deception. The trial court properly found this attack was not sustained by the evidence.

■■■ (b) It is next claimed by appellant that the contract, granting to Konicek an option, was void because not executed in the manner prescribed by statute and the articles of incorporation of the bank, and, by reason of such invalidity, the whole transaction was void. The option contract was executed in behalf of the bank by the cashier, and the bank's corporate seal was not attached.

The articles of incorporation of the defendant bank provided that "all deeds, mortgages and instruments in writing affecting real estate which shall be made by the corporation shall be executed and acknowledged in the name of the corporation by the president or vice-president and attested by the cashier with the corporate seal thereto affixed". And section 10067 of the Code provides that: "In the execution of any written instrument conveying, incumbering, or affecting real estate by a corporation that has adopted a corporate seal, the seal of such corporation shall be attached or affixed to such written instrument."

The object of these provisions is to require a certain formality in the execution of instruments by a corporation having a seal by which the corporation conveys or relinquishes an interest in real estate in order to insure greater authenticity of the instrument. We do not believe they have any application to the execution of an instrument of the character of the one under consideration here. Appellant, himself, contends that the contract by

which the bank gave to Konicek an option and the deed by which Konicek conveyed the farm to the bank were but one transaction. We think he is correct in that. The effect of that transaction was to vest title to the farm in the bank, subject to a right of Konicek to repurchase at a fixed amount by a certain date. The bank never had any greater interest than that in the property. The legal effect was no different from what it would have been if the right to repurchase had been reserved in the grant and incorporated in the deed. The net effect of the whole transaction was not that the bank disposed of anything, but that it acquired something subject to a condition. Such a transaction has been held to be a sale on condition. Hughes and Dial v. Sheaff, 19 Iowa 335. The execution by the bank of the contract purporting to grant the option to repurchase was only a recognition by the bank that the conveyance to it was subject to that condition. We are satisfied that this contract was not an instrument "conveying, encumbering, or affecting real estate" by the bank which is contemplated by the provision of the articles of incorporation and the statute above referred to. Moreover, if it be conceded that that contract was such as to bring it within the provisions of the statute and the articles of incorporation, it is not at all certain that the bank would not be bound by the agreement, because of the absence of the seal of the corporation or other formalities of execution. See Homesteaders Life Association v. Salinger, 212 Iowa 251, 235 N. W. 485; 7 R. C. L. 540.

■■■ (c) Appellant further contends that the transaction was void because of the provisions of section 6, of chapter 30, of the Acts of the 43d General Assembly, which appears as Code section 9283-c1 in the Code of 1931, and is as follows:

"9283-c1. Unauthorized sale of real estate or securities. It shall be unlawful for any officer, or employee of any bank or trust company to offer for sale or promote the sale of any stock, real estate, policies for life or fire insurance, bonds or other securities unless the sale of the same shall have been sanctioned and approved by the board of directors and said approval entered of record.

"Any officer or employee violating the provisions of this section shall be guilty of a misdemeanor, and shall be punished accordingly."

The purpose of the enactment of this section is quite ob-

vious. It was intended to prevent the officers of the bank from attempting to serve two masters. It has reference to officers or employees acting as brokers for others without the approval of the directors of the bank. At least, one of its purposes was to remove from the officers the temptation of making doubtful loans of the bank's funds because of a desire to earn a fee for themselves. It was designed to prevent, as an illustration, buyers of real estate from borrowing the money from the bank with which to make the purchase simply because the cashier, or some other officer, was getting a commission on the sale. It has no reference whatever to the disposal of assets belonging to the bank. The reference to life insurance contained in the section clearly demonstrates that it was intended to apply only to the officers and employees acting as brokers for the sale of securities which do not belong to the bank.

 (d) Appellant further contends that the deed from Konicek to the bank was void because the acknowledgment thereto was taken before one Fisher, an assistant cashier of the bank who had an oral arrangement with the officers of the bank prior to the time that the deed was made by Konicek under which Fisher was to take over the farm and pay the bank what it had invested therein. Appellant's claim is that this made Fisher interested in the transaction and disqualified him to act as a notary.

We may say that it is very doubtful whether such an arrangement gave Fisher any present interest in the property conveyed or in the transaction by which it was conveyed. The arrangement, as claimed, was vague, uncertain, and wholly unperformed, and under the statute of frauds, if for no other reason, it was wholly unenforceable. It could hardly be said, therefore, to vest in Fisher any interest in the conveyance of the property from Konicek to the bank which would disqualify him from acting as notary. But regardless of that, and assuming that the acknowledgment may have been defective for the reason urged, that does not affect the validity of the deed as between the parties. No question of constructive notice is here involved. As against Konicek and everybody claiming through or under him, except bona fide purchasers for value, the deed was valid without any acknowledgment and without any recording. Slattery v. Slattery, 120 Iowa 717, 95 N. W. 201; McMaken v. Niles, 91 Iowa 628, 60 N. W. 199. There is no claim here that

appellant, as administrator of the estate of Konicek, had any greater right than Konicek himself would have had were he living. The sufficiency of the acknowledgment, under such circumstances, is of no importance.

■■■ II. Appellant's final claim is that even though the transcation be held to be valid, the deed should be construed to be a mortgage.

While it is true that a deed, absolute in form, will be construed as a mortgage whenever it appears that its purpose is to secure a debt, such a construction cannot very well be resorted to where there is no debt. McMahon v. Gotch, 191 Iowa 1, 179 N. W. 929; Hinman v. Sage, 208 Iowa 982, 221 N. W. 472. The evidence here all tends to show that after the making of the deed in question, Konicek was not indebted to the bank. His note was marked "paid" on the books of the bank, and there is evidence that the canceled note was mailed to Konicek, although it was not found among his papers when the administrator took charge. A satisfaction of the mortgage was made out and put with the mortgage among the papers in the bank belonging to customers and in the particular compartment marked K where the papers of customers whose names began with K were kept. The evidence tends to show that both parties to the contract regarded the debt as paid. The nature of the act, in view of the situation of the parties, was such as to suggest that something more than a mortgage must have been intended. The bank already had a mortgage. If the deed was only a mortgage, it gave the bank nothing which it did not have before. Morever, if Konicek was worried about his debts, as he appears to have been, and was desirous of being relieved of the indebtedness, nothing along that line would be accomplished if the deed were merely intended as security, because he would still owe the debt. That Konicek went into the transaction for the purpose of being relieved of the debt is quite clearly established. His personal property and his future earnings would thereby be removed from jeopardy. It should be kept in mind that after this transaction Konicek owed the bank nothing. The case is distinguishable from cases where the grantor agrees to buy the land back and, therefore, owes the same amount as before. He did not agree to buy the land here, and assumed no obligation in the option contract. Konicek had an account in the bank at the time the transaction took place in which he had some credit.

The exact amount does not appear. But the bank never charged, or attempted to charge, any expenditures in connection with this farm to his account after the date of the deed, and paid out to him, or for the benefit of his estate, the sum that stood to his credit on the books of the bank at the time the transaction occurred. The circumstance that the property conveyed was not worth more than the indebtedness satisfied would tend to indicate here that an absolute conveyance was intended. Betts v. Betts, 132 Iowa 72, 106 N. W. 928. We are abundantly satisfied that this farm was not at the time of the transaction worth substantially more than the encumbrances against it, and that the transaction was fair and equitable, and that the evidence falls far short of establishing that this deed, which was absolute in form, was intended only as a mortgage.

The holding of the trial court, both as to the law and the facts, is correct, and its judgment is, therefore, affirmed.

All Justices concur.