E. K. GREENE et ux., appellees, v. BRIDE & SON CONSTRUCTION COMPANY et al., appellants.

WILLIAM BRIDE et ux., appellants, v. E. K. GREENE et ux., appellees.

No. 50210.

(Reported in 106 N.W.2d 603)

December 13, 1960.

Pizey, Sears & De Witt, of Sioux City, for appellants.

S. D. Crary, of Sioux City, for appellees.

PETERSON, J.—On February 3, 1960, appellants filed their petition in equity against appellees seeking to have a quitclaim deed, an assignment of certificate of redemption, a marshal's deed, and a real-estate contract covering certain real estate in Sioux City declared a mortgage. Appellees about the same time filed a case in forcible entry and detainer against appellants based upon cancellation of the real-estate contract. By order of court the two cases were combined for trial. The issues involved are whether or not the transaction between the parties constituted a mortgage or a real-estate contract, which, when canceled, created a finality. The trial court held the transactions constituted a sale, and the documents did not create a mortgage. Plaintiffs in the equity action, who are defendants in the forcible entry and detainer action, appealed.

I. Appellants William Bride, Sr., and William A. Bride, Jr., were in business in Sioux City under the firm style and name of Bride & Son Construction Company. Their plant was located on a block of ground in the heart of the east side industrial district, adjacent to railroad trackage. They suffered grievous loss as to their buildings and equipment in the Floyd River flood of 1953. Shortly thereafter Mr. William Bride, Sr., borrowed from E. K. Greene the sum of $5000; and a little later, an additional $3000. He also borrowed from the Small Business Administration a sum which, with interest, amounted to $5233.89 at time of foreclosure. Mr. Greene sued William Bride, Sr., and secured judgment for the $8000. Small Business Administration, which held a mortgage on the property, fore-

closed, secured judgment, issued execution, and sold the property for the amount of the mortgage and interest.

A few days before the year of redemption expired E. K. Greene called on William Bride, Sr., and stated that if he could get a deed for the business property to secure his $8000 he would redeem the property from foreclosure sale. William Bride, Sr., agreed to this, provided an agreement could be made for him to secure back his property, upon payment of what he owed.

The parties all met in an attorney's office and the following documents were signed: quitclaim deed from William Bride and Lela Bride, husband and wife, to E. K. Greene, conveying to him Lots One to Sixteen (1 to 16) both inclusive, in Block seventy-one (71) Central Sioux City, Third Filing, in Sioux City, Iowa; assignment to Mr. Greene of certificate of redemption as to the Small Business Administration foreclosure in the Federal Court for the Northern District of Iowa; real-estate contract in usual form in amount of $13,584.76 from E. K. Greene and Blanche Greene, husband and wife, to William A. Bride, Jr. William Bride, Sr., had requested that the contract be made to his son. He testified: "William Bride, Jr., in the contract Exhibit 1 was acting for and on my behalf." Mr. E. K. Greene redeemed from the foreclosure sale and, under the assignment of certificate of redemption, received a marshal's deed.

The real-estate contract provided that second party should pay $75 per month on the first of each month commencing January 1, 1959, and the unpaid balance in full on January 1, 1960. The contract carried 5% interest. Appellant William Bride, Sr., made the monthly payments regularly throughout the year, but failed to make payment of the balance under the contract on January 1, 1960. The customary notice of forfeiture and cancellation of real-estate contract was served on January 5, 1960. Notice to quit was served February 9, 1960. The action for forcible entry and detainer, which is one of the actions involved in this appeal, was filed February 18, 1960.

II. We have often held with reference to this type of case that each case must be determined on the basis of its own pecul-

iar circumstances. The question involved has been passed upon so many times, however, that certain well-established principles have emerged, which assist us materially in deciding the question. We will list the important principles:

1. It is incumbent upon appellants in the instant case to prove: a. That the consideration for the deed was an existing indebtedness, together with the amount of such indebtedness; b. that such indebtedness was not extinguished by the conveyance but was kept alive. Hinman v. Sage, 208 Iowa 982, 984, 221 N.W. 472, 473; Shanda v. Clutier State Bank, 220 Iowa 290, 296, 260 N.W. 841; Clark v. Chapman, 213 Iowa 737, 743, 239 N.W. 797, 800; Reusch v. Shafer, 241 Iowa 536, 41 N.W.2d 651.

This case meets the test. After Mr. Greene paid for the Marshal's Deed, and some taxes, appellants owed him $13,584.76, which obligation was kept alive in the contract executed on his behalf with William A. Bride, Jr.

2. If the transaction was a loan in the first instance, it will be treated as such to the end, unless it be shown that the parties afterwards bargained for the property independently of the loan. Richardson v. Barrick, 16 Iowa 407; Cullen v. Butterfield, 178 Iowa 621, 160 N.W. 125; 36 Am. Jur., Mortgages, section 150; Fort v. Colby, 165 Iowa 95, 144 N.W. 393; 59 C. J. S., Mortgages, sections 35, 39.

The record does not disclose any independent discussion or bargaining as to sale and purchase between the parties.

3. The nature of the preliminary negotiations, and statements made at time of transactions, are important in connection with the decision as to whether or not the documents constitute a mortgage. 36 Am. Jur., Mortgages, sections 148, 155; Hofmeister v. Hunter, 230 Wis. 81, 283 N.W. 330, 121 A. L. R. 444; Guttenfelder v. Iebsen, 230 Iowa 1080, 300 N.W. 299; 59 C. J. S., Mortgages, sections 40, 51.

The preliminary transactions between appellants and appellees in this case were all in the nature of loans made by Mr. Greene appellee to Mr. Bride, Sr., appellant. The first step was the two loans totaling $8000, which culminated in the judgment. The next step was loaning Mr. Bride $5233.89 with which to

redeem from the foreclosure of Small Business Administration. The next item was the advancement of $350.87 in delinquent taxes on behalf of appellant William Bride, Sr.; adding up to a total of $13,584.76, the amount shown in the contract.

4. Another provision is that prior to the execution of a deed, and as in this case the assignment of certificate of redemption, and as herein, the execution of a real-estate contract, there must be a pre-existing obligation. 36 Am. Jur., Mortgages, section 150; Guttenfelder v. Iebsen, Reusch v. Shafer, Hinman v. Sage, Shanda v. Clutier State Bank, and Clark v. Chapman, all supra; 59 C. J. S., Mortgages, section 36.

Such a situation is clearly present in the case at bar.

5. Any utterances or dealings by the parties material to the situation made after the conveyances are of importance as throwing light upon whether the transaction was a loan or a purchase. 36 Am. Jur., Mortgages, section 156; Hubbard v. Cheney, 76 Kan. 222, 91 P. 793; Totten v. Totten, 294 Ill. 70, 128 N.E. 295; 59 C. J. S., Mortgages, section 47.

In the trial of the case Mr. Greene testified: "Prior to the execution of the exhibits I was not interested in purchasing this property. My interest, in connection with this property, was merely for the protection of the money I had loaned Mr. Bride, Sr., and on which I had a judgment, and we agreed to sell it back to his son on the basis of Exhibit One, and give him a year's time in which to redeem it, if he wanted to pay up the contract, it was his. * * * At the time of the execution of Exhibits One [contract], Four [marshal's deed], Five [quit-claim deed] and Six [assignment of redemption certificate] the Brides were indebted to me for the sum of $13,584.76 and that debt has never been paid." These are utterances long after the transaction, which clearly indicate a loan.

6. It is an element in decreeing a deed as a mortgage, if the grantor is financially embarrassed, and at a point where help is urgently needed. 59 C. J. S., Mortgages, section 42; Guttenfelder v. Iebsen and Fort v. Colby, both supra; Davis v. Wilson, 237 Iowa 494, 21 N.W.2d 553. In the case at bar, Mr. Bride, Sr., was facing such a situation.

III. The second proposition relied on for reversal by ap-

pellants was alleged error by the trial court in refusing to admit evidence as to the value of the property. We can see the reasoning of the able trial court. The court held the contract was final between the parties. On this theory the evidence was not admissible. Since we are holding the documents constituted a mortgage, it is admissible. Appellant William Bride, Sr., testified the property was worth $30,000.

■ Inadequacy of consideration constitutes a strong circumstance that the deed and other documents involved were intended as a mortgage. Fuller v. Griffith, 91 Iowa 632, 60 N.W. 247; Keeline v. Clark, 132 Iowa 360, 106 N.W. 257; Fort v. Colby, supra; Holman v. Mason City Auto Co., 186 Iowa 704, 171 N.W. 12; Ross v. Automobile Ins. Co., 228 Iowa 668, 292 N.W. 813, 816; Guttenfelder v. Iebsen, supra; Blum v. Keene, 245 Iowa 867, 63 N.W.2d 197, 216; Miller v. Martin, 246 Iowa 910, 70 N.W.2d 141; 36 Am. Jur., Mortgages, section 153; 59 C. J. S., Mortgages, section 41.

The principle is well stated in Guttenfelder v. Iebsen at page 1084 of 230 Iowa: "Authorities are numerous to the effect that an important inquiry in a controversy such as this is the value of the property compared to the mortgage debt."

IV. The position of appellees and the decision of the trial court were to the effect that the contract of sale from Mr. and Mrs. Greene to William A. Bride, Jr., was a finality. The contention was that under the provisions of the contract all previous transactions between the parties had been merged into the contract and that, therefore, no mortgage could be established. We have considered this question in previous cases and have held that a contract between the parties can be considered a part of the mortgage transaction. Fort v. Colby and Keeline v. Clark, both supra; Brown v. Hermance, 233 Iowa 510, 10 N.W.2d 66; McRobert v. Bridget, 168 Iowa 28, 149 N.W. 906; 36 Am. Jur., Mortgages, section 164; 59 C. J. S., Mortgages, section 28.

■ In Brown v. Hermance, supra (at page 514 of 233 Iowa), we said: "However, it is the rule that where an absolute deed is accompanied by a contract to reconvey on specified conditions, and, under the evidence, a doubt exists as to whether

the conveyance was intended to be absolute or as security for a debt, the contract will be construed to be a mortgage rather than a privilege to repurchase or a conditional sale."

We have many times held in connection with declaring a deed, contract, etc. a mortgage, that, while parol evidence is admissible, the one so claiming has the burden to establish it by clear, satisfactory and convincing evidence. Brown v. Hermance, supra; Moeller v. Strohbeen, 232 Iowa 1282, 1289, 8 N.W.2d 254; Reusch v. Shafer and Blum v. Keene, both supra. Some cases have used the term "clear and satisfactory." Bradford v. Helsell, 150 Iowa 732, 735, 130 N.W. 908, 909; Maytag v. Morgan, 208 Iowa 658, 666, 226 N.W. 93; Guttenfelder v. Iebsen and Miller v. Martin, both supra.

In the recent case of Miller v. Martin, supra (at page 915 of 246 Iowa), we defined the "clear and convincing proof" which is required in cases involving the question in the instant case: "The clear and convincing proof required in these cases means merely that the proof is so established that no reasonable uncertainty or doubt as to the truth thereof confronts the trier of fact."

V. Upon the whole record, considered under the foregoing rules, we conclude the deeds, assignment of redemption certificate and real-estate contract were taken by appellee E. K. Greene as security and are in effect a mortgage.

As a matter of fairness and equity appellants are not entitled to the full time necessary for foreclosure proceeding and year of redemption thereafter. Appellees have already granted appellants a year under the real-estate contract to refinance and repay Mr. Greene's loan. We will shorten the period of redemption of appellants. We have precedent for this. Keeline v. Clark, supra.

Mr. Clark had made several loans to plaintiff and her husband, and finally secured a deed from them, with an option to repurchase upon payment of such amounts, with interest. Plaintiff defaulted, and defendant took possession of the property and rented it. The action followed and the court decided the deed and option were a mortgage. After outlining the items of debt and credit in order to arrive at the proper amount to be

included in a final decree, the court said at page 370 of 132 Iowa: "And the plaintiff will be given 90 days from date of final decree in which to make payment of the amount due from her."

Appellants are hereby granted 120 days from filing of procedendo in office of clerk of district court to deposit in the office of the clerk, the principal, interest, any taxes advanced, and one third of district court costs in both cases, less the $75 per month paid by them to appellees.

Such payment, if made, shall constitute release of the mortgage, and appellant William A. Bride, Jr., shall then be the owner of the property involved; title shall stand quieted in him, and all rights and claims of appellees shall be forever barred and estopped.

If said payment is not made, within the time and as herein provided, E. K. Greene shall immediately and automatically become the owner of the property involved; title shall stand quieted in him, and all claims of appellants shall be forever barred and estopped.

Appellants did not completely prevail and shall pay one third of district court costs and one third of costs of this appeal, and appellees the other two thirds.

The decree of the trial court is reversed.—Reversed.

All JUSTICES concur.